[No. 9408.   Department One.   June 2, 1911.]

*In re Estate of* ELLEN PEIRCE.

MARY FARLEY, *Appellant,* v. B. ELIZABETH DRAKE, *Respondent.*[1]

WILLS—PROBATE—PETITION—NECESSITY. Where a will has been filed with the clerk of the court, the court may take proof and probate the will without the filing of any formal petition by an interested party, under Rem. & Bal. Code, §§.1297, 1288, providing for the immediate probate of wills offered, and that wills filed may be opened and retained for probate.

WILLS—REVOCATION—"WILL"—SUFFICIENCY OF WRITING. Under Rem. & Bal. Code, § 1322, providing that no will in writing shall be revoked except by a subsequent will in writing, a will may be re-

[1]Reported in 115 Pac. 835.

voked by a writing executed with the solemnity of a will, although the revocation is not a will in the technical sense of making a disposition of any property.

Appeal from an order of the superior court for Pierce county, Chapman, J., entered December 20, 1910, admitting a so-called will to probate and revoking the probate of a prior will, after a hearing before the court. Affirmed.

*Jas. J. Anderson* (*Burdick & McQuesten,* of counsel), for appellant.

*F. Campbell,* for respondent.

Gose, J.—On August 31, 1908, Ellen Peirce, now deceased, made her will, and on the following day filed it in the office of the clerk of the superior court of Pierce county, it being the county of her residence, and received the clerk's certificate therefor, conformably to the provisions of the code (Rem. & Bal. Code, § 1287). On the 26th day of September, 1910, upon the application of her attorney, it being shown that the certificate could not be found, an order was entered in the superior court of Pierce county, directing the clerk to deliver the will to such attorney, and it was so delivered. On the 29th day of October, 1910, the date of her death, Ellen Peirce executed an instrument which, omitting the certificate of acknowledgment, is as follows:

"I, Ellen Peirce, of Tacoma, Pierce County, state of Washington, do hereby revoke any and all wills heretofore made and executed by me, and do hereby declare any and all wills heretofore made and executed by me null and void and of no effect.

"In witness whereof I have hereunto set my hand and seal this 29th day of October, 1910.

"Executed in presence of                    Ellen Peirce.
"R. W. Jamieson.
"Ellen Johnson."

This instrument was filed with the clerk of the superior court of Pierce county on October 31. On November 15, 1910, the will first mentioned was admitted to probate, and

one Mary Farley, the person nominated therein as executrix, was appointed as such. On November 18, in pursuance of the petition of such executrix and the order of the court, a citation was issued and served upon one B. Elizabeth Drake, commanding her to appear in the court of probate of Pierce county on the 28th day of November, for the purpose of being examined under oath touching certain documents which the petition charged to be in her custody. On November 25 she filed in the proceeding a motion and petition, wherein she moved to quash the citation and to annul the probate of the will. In the petition she alleged the filing of the will with the clerk, and its withdrawal in pursuance of the order; that the testatrix did not direct a refiling; that after its withdrawal and while it was in her possession, she executed and filed the paper writing which we have quoted, and alleged that it was then on file in the office of the clerk of the court. The petition further states that the first will was refiled with the clerk of the court on November 2, by some person who knew it had been withdrawn at the instance of the testatrix, and that the revocation had been filed.

In response to a citation issued upon the last mentioned petition, Mary Farley appeared and demurred thereto, on the ground, (1) that the petitioner has no capacity to sue; and (2) that the petition does not state facts sufficient to entitle the petitioner to any relief. The demurrer was overruled, and the demurrant was given five days to plead further. Failing to further plead, a default was entered against her on December 14. The order of default recites the making and filing of the paper writing which we have set forth, and that it was then a part of the records of the court, and directed the witnesses who attested it to appear on December 20 to prove its execution. In obedience to the order, the witnesses appeared as required, and gave evidence that the testatrix signed and published it as her last will and testament in their presence, and that they, at her request and in her presence and in the presence of each other, subscribed

their names as witnesses thereto, and that she was of the age of sixty-nine years, of sound and disposing mind, and not acting under duress, fraud, undue influence, or misrepresentation. Mary Farley objected to the admission of the evidence, on the grounds, (1) that the petitioner has no such interest in the will as to entitle her to prove it; (2) that it is not a will or a codicil; and (3) because the proceeding was not based upon any verified petition. She sought to make her appearance special, but as we have seen, she had theretofore entered a general appearance. An order was thereupon entered, admitting to probate the instrument last executed by the testatrix as her last will and testament, and annulling and revoking the probate of the earlier will. Mary Farley has appealed.

The point first made is that the petitioner, Drake, has no such interest in the will as to warrant a contest on her part. We do not regard the proceeding as a contest. The statute, Rem. & Bal. Code, § 1297, provides that, when a will is exhibited to be proven, the court may immediately receive the proof and grant a certificate of probate. Section 1288 provides that, when a will is on file with the clerk, it shall, after the death of the maker, be opened in public, before witnesses, by the judge of the court, and may be retained for probate. It is apparent that the statute does not require the filing of a formal petition by a party in interest, although that method is usually followed. Both wills were proven before the same judge. The petition called his attention to the fact that a later will had been filed with the clerk of his court, and it was competent for him to take the proof and determine whether it had been properly executed and, if so, its nature and effect.

The principal question presented is, whether the later instrument is a will within the meaning of the code (Rem. & Bal. Code, § 1322). This section provides that no will in writing shall be revoked except by a subsequent will in writing, or by burning, etc. The appellant contends that the in-

strument is not a will because it makes no disposition of property. At common law parol revocations of written wills were permitted, and the statute of 29 Car. 2, was enacted to prevent frauds and perjuries. *Kent v. Mahaffey*, 10 Ohio St. 204. Our statute was enacted for the same purpose. The ordinary conception of the term "will," as applied to a testament, is the formal instrument by which a person disposes of his property, to take effect at his death. We do not think the word was used in this statute in its technical sense. As here used, it means a writing executed with the solemnity of a will. If the appellant's view is sound, then a party who has made a will and who desires to die intestate and have his property descend under the statute, if the will cannot be found so that it can be destroyed, would be required to make a new will which he did not intend to be operative, and then burn, tear, or cancel it. It is apparent that the legislature did not intend a construction that would lead to such absurd consequences. It has been held that, when a will has been properly executed but has no operative force on account of some incapacity in the devisee to take, it will nevertheless revoke a former will. *Laughton v. Atkins*, 1 Pick. 535. All the formalities required by Rem. & Bal. Code, § 1320, for the execution of a will were complied with in the execution of the revocation which we have set forth, and this we think meets the requirements of the statute.

The judgment is affirmed.

DUNBAR, C. J., MOUNT, and PARKER, JJ., concur.