RICHARDSON *v.* BURNS.

ATKINSON, J.   J. B. George executed a will dated February 1, 1908. In item 6 it was declared: "I give and bequeath to my daughter, Lilla Estelle George, the proceeds of" designated life-insurance policies and described real estate, and specified articles of personal property, "and all my stocks, bonds, promissory notes, accounts, and choses in action of every kind, and all of the remainder of my property which is not especially bequeathed by this will of which I may die seized and possessed." In item 2 other specified property was directed to be used for

paying funeral expenses, including a suitable monument, debts and the cost of administration, and any residue thereof to be equally divided between Lilla Estelle George and the testator's brother. Item 3 provided for a fund to be derived from the proceeds of a specified life-insurance policy to be deposited in the bank, from which a specified sum should be paid to the testator's wife during her life, and after her death the residue of the fund to go to his daughter, Lilla Estelle. By other items of the will specific properties, not included among those above referred to, were bequeathed to the testator's wife individually, and to his wife and daughter jointly; the bequest to the wife being for her natural life, and at her death the property in each instance to go to the daughter. In item 9 direction was given that the wife and daughter above mentioned each pay to the mother of the testator, during her natural life, $50 per annum. Item 8 declared: "Should my daughter, Lilla Estelle George, die unmarried, it is my will that all of my property herein devised to her shall be divided equally between my nephews, James C. George and John B. Richardson Jr. Should she marry and die without issue, it is my will that she may have the right and privilege, if she so desires, to will and bequeath one half of the property herein bequeathed to her to her husband, and the remaining one half of the property I have herein bequeathed to her is to be equally divided between my said nephews, James C. George and John B. Richardson Jr." After execution of the will a codicil was made, bearing date March 1, 1908, and containing only two items. In the codicil, after making special reference to the will, the testator declared: "Whereas I am desirous of adding additional instructions and directions, and to revoke certain bequests and devises in said will, I therefore make and publish this codicil to said will." Item 1 declared: "I revoke so much of item 8 of my will as to the bequest and devise to James C. George, and he is to secure nothing from my estate." Item 2 merely gave instructions that the money collected on the insurance policies, as described in item 6 of the will, be deposited in designated banks in trust for his daughter, Lilla Estelle George, and to remain on deposit until she becomes of age. The testator had only two nephews. He died on March 12, 1908, and the will was duly recorded. Lilla Estelle George survived the testator and married, and, after attaining her majority, died intestate in October, 1912, without children, leaving her husband in possession of certain property embraced in the legacy set forth in item 6 of the will. A suit was brought by John B. Richardson Jr., one of the nephews named in item 8 of the will, against L. M. Burns, the husband of the testator's daughter, seeking, among other things, recovery of property so left in his possession at the death of his wife. *Held:*

1. The will conferred a power upon the daughter of the testator, in the event of her marriage and leaving no children, to will to her husband one half of the property devised to her by the testator; but in the absence of such testamentary disposition by the daughter, the husband would acquire no interest in the property under the will of the testator.

2. Under a proper construction of the will and codicil, the bequest to the testator's "nephews, James C. George and John B. Richardson Jr.," was not to "nephews" as a class, but rather to the persons named as individuals. The revocation of the devise to James C. George operated to

create an intestacy pro tanto. The property thus left undevised would descend by inheritance to the heirs of the testator. Under such a construction John B. Richardson Jr. would not acquire, under the will, any more than a half interest in the property under dispute; and it was not erroneous, under the pleadings and evidence, while instructing the jury, to limit the amount of recovery to such an interest.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
DECEMBER 15, 1914.

Equitable petition. Before Judge George. Irwin superior court. January 17, 1914.

*J. J. Walker* and *Hatcher & Hatcher,* for plaintiff.

*L. Kennedy, Philip Newbern,* and *H. J. Quincey,* for defendant.