## BURNS *v.* RICHARDSON; *et vice versa.*

1. Where suit was brought to recover certain property, and under the charge of the court a verdict was rendered finding for the plaintiff a half interest in such property, the plaintiff could move for a new trial and assign as error in the charge that it restricted the recovery to a half interest, instead of permitting a recovery of the entire property. The defendant could also file a separate motion for a new trial and assign error in the, charge on the ground that it permitted the plaintiff to recover a half interest, when by the will under which the plaintiff claimed he was not entitled to a recovery to that extent, if at all. Each of such motions could proceed to a hearing, and upon the overruling of each the movant therein could bring up the judgment for review by a separate writ of error. The fact that the plaintiff's motion for a new trial was first heard and overruled, and that the plaintiff excepted, and such judgment overruling the motion was affirmed by this court, did not furnish cause for dismissing the defendant's motion for a new trial, which remained unheard.

(*a*) So far as this court decided principles of law applicable to the case, they would be followed in any further proceeding therein. But affirming the judgment overruling the plaintiff's motion, and thus holding that, as against his complaint, there was no error in limiting his recovery to a half interest in the property, did not prevent the defendant from urging, under his motion, that there was error in charging in effect that the plaintiff could recover a half interest in the property, with rents, issues, and profits.

(*b*) On the trial, a demurrer to the petition having been overruled, and a plea filed by the defendant having been stricken on demurrer, and exceptions pendente lite having been entered of record, after the overruling of the defendant's motion for a new trial, the defendant in his bill of exceptions thereto could assign error on the exceptions pendente lite.

(*c*) There was no merit in the motion to dismiss the writ of error.

(*d*) If the movant in the motion for a new trial were guilty of such laches as to render it proper to dismiss his motion, this might be done; but, if the court refused to dismiss the motion for a new trial, laches in preparing the brief of evidence or pressing the motion to a hearing would furnish no ground for overruling the motion, if it contained meritorious assignments of error.

(*e*) There was no error in overruling the motion to dismiss the motion for a new trial.

2. There was no error in overruling the demurrer to the petition.

3. A testator devised and bequeathed certain property to his daughter, and in a later item of the will provided, that, if she should die unmarried, the property bequeathed to her should be equally divided between his two named nephews; and that if she should marry and die without issue, she should have the right, if she so desired, to bequeath one half of the property to her husband, and the remaining half should be equally divided between the two named nephews of the testator. By a codicil

he revoked the legacy to one of his named nephews. The daughter married, and died intestate and without issue. *Held*, that, in 142 *Ga.* 779, it was ruled that the legacy to the nephews created by this will was not a class legacy, but was to the two named nephews as individuals; and that from the will and codicil an intestacy "pro tanto" resulted.

(a) The extent of this pro tanto intestacy was as to the one-fourth interest in the property which would otherwise have gone to one of the nephews, had the legacy to him not been revoked. Upon the death of the testator's daughter after marriage, intestate and without issue, the other nephew became entitled to one fourth of the property.

4. If the husband of the testator's daughter took possession of the property after her death, claiming to be her only heir, and refused to deliver any of it to the nephew the legacy to whom was not revoked, and such nephew thereupon brought an action to recover the property, with rents, issues, and profits of the realty from a date after the death of the testator's daughter, as against the plaintiff's right to recover one fourth of the realty, with such rents, issues, and profits thereof, the defendant could not set off permanent and valuable improvements made by his wife during her lifetime, increasing the rental value of the property. A plea seeking to make such a set-off was properly stricken.

MAY 13, 1916.　REHEARING DENIED JULY 14, 1916.

Equitable petition. Before Judge George. Irwin superior court. March 4, 1915.

J. B. Richardson Jr., by his next friend, filed his petition against L. M. Burns and others, seeking to recover certain real and personal property, and rents, issues, and profits. The defendant filed an answer, and also a plea setting up that permanent and valuable improvements had been made on the real estate by his wife, who claimed under her father's will, and under whom he apparently claimed as her sole heir. This plea was stricken on demurrer, and exceptions pendente lite were filed. A verdict was rendered in favor of the plaintiff. It is not in the record, but from other statements it seems to have been for a half interest in the property. The plaintiff and defendant each moved for a new trial, the plaintiff because the charge of the court limited him to recovering a half interest, when he claimed to be entitled to the entire property, and the defendant mainly because the charge permitted the plaintiff to recover a half interest in the property, with mesne profits on the realty. The plaintiff's motion for a new trial was overruled, and the case was brought by him to this court, where the judgment was affirmed. 142 *Ga.* 779. Later the motion for a new trial filed by the defendant came on for a hearing. A motion to dismiss it was denied. The motion for a new trial was overruled, and the

defendant excepted, and also assigned error on the bill of exceptions pendente lite. The plaintiff in the trial court filed a cross-bill of exceptions, assigning error on the refusal to dismiss the defendant's motion for a new trial. In this court the defendant in error in the main bill of exceptions moved to dismiss the writ of error. The other facts sufficiently appear in the opinion.

*L. Kennedy, Quincey & Rice,* and *Hines & Jordan,* for Burns.

*J. J. Walker* and *Hatcher & Hatcher,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

1. When a verdict in a case is rendered which is unsatisfactory to both parties, giving to the plaintiff less than he claims he is entitled to recover, and finding against the defendant more than he claims the plaintiff is entitled to recover, each party is entitled to move for a new trial. If each desires to set up the contention that the verdict is not supported by the evidence, under our practice a motion for a new trial would furnish the only remedy which each would have, for that purpose. If each has the right to file a motion for a new trial, he has the right to include in it such assignments of error as may be properly raised by such a motion. If under such circumstances each party is entitled to make a motion for a new trial, each has the right to press his motion to its legitimate conclusion, and, in case it is overruled in the superior court, to bring that judgment to this court for review. Anything less than this would be to give a party the right to move for a new trial in theory, and yet to destroy the benefit of the right in practice. One party can not join the motion of the other, and can not, under the motion of his adversary, raise questions as to whether error was committed against himself. In the present case, because the plaintiff contended that the charge of the court limited him to recovering too little, the defendant was not obliged to concede that contention, or preclude himself from contending that the charge allowed the plaintiff to recover too much.

It is argued that, when the motion of the plaintiff was overruled, and he brought the case to this court by exception, the defendant should have filed a cross-bill of exceptions. But the defendant was not compelled to risk his contention by tacking it on to the exceptions of the plaintiff as a cross-bill. Suppose the plaintiff had become satisfied with having recovered a half interest, and had dismissed his motion for a new trial, or his writ of error? If

the defendant was compelled, by some sort of subsidiary proceeding or cross-bill of exceptions, to make his contention dependent upon the proceeding of the plaintiff, his rights might be wholly destroyed at the will of the plaintiff in dismissing such motion or the main bill of exceptions. Therefore the defendant was entitled to make his motion for a new trial independently, to press it to its proper conclusion, and, upon its being overruled, to bring the judgment to this court, not merely by a cross-bill of exceptions, but by a main bill of exceptions, which, if duly brought, could not be dismissed against his will, and in which he would occupy the attitude of the plaintiff in error.

But it was argued that certain exceptions pendente lite had been filed in the trial court by the defendant, assigning error upon rulings adverse to him in regard to the pleadings, and that these rulings should have been brought before the Supreme Court by cross-bill of exceptions when the plaintiff excepted to the overruling of his motion for a new trial. What has been said above practically answers this contention. It may be added that if the defendant had the right independently to make his motion for a new trial, and upon its being overruled to bring the case by writ of error to this court, he also had the right, in so doing, to assign error upon his exceptions pendente lite, and he could not be compelled to divide his attack upon the verdict and judgment into fragments, and bring a part of it here by cross-bill of exceptions and a part by main bill of exceptions.

The defendant in error in the present bill of exceptions filed a cross-bill of exceptions, complaining that the trial court refused to dismiss the motion for a new trial which had been filed in that court by the present plaintiff in error, because of laches on the part of the movant, whereby the motion had lingered in the court below while the overruling of the motion of the adverse party had been brought to the Supreme Court by bill of exceptions, and the judgment therein complained of had been affirmed. It was also contended that this operated as an estoppel. The latter point is covered by what has been said above. The presiding judge, in his judgment, criticised the action of the movant in not pressing his motion more promptly, but refused to dismiss it, saying that he contented himself with overruling it. If, in the opinion of the presiding judge, the failure to present a brief of the evidence or to

press the motion was such as to make it improper for him to entertain it further, he should have dismissed the motion. Laches in pressing the motion may furnish ground to dismiss it, but furnishes no ground for overruling it, if it contains meritorious assignments of error. The better practice would have been to set both motions for a new trial for a hearing at the same time, to have required counsel in both to be ready, and to have disposed of both promptly. Had this been done, the successive appeals on the same record at different terms of this court could not have occurred. But, inasmuch as he has exercised his discretion in overruling the motion to dismiss the motion for a new trial, in view of the facts appearing in the record we are not prepared to say that he abused his discretion in so doing, or to reverse his judgment so rendered.

2. There was no error in overruling the demurrer to the petition.

3. Eliminating from consideration certain provisions of the will which are not material, it may be stated that a father devised and bequeathed to his daughter certain property. He provided in another item that, if his daughter should die unmarried, the property so devised and bequeathed to her should be equally divided between his two named nephews. This contingency did not happen, and the provision of the will based upon it never took effect. He then provided that, if she should marry and die without issue, she might have the right and privilege, if she so desired, to will and bequeath to her husband one half of the property which he had bequeathed to her, "and the remaining half of the property I have herein bequeathed to her is to be equally divided between my said nephews, James C. George and John B. Richardson Jr." By a codicil the testator revoked the bequest and devise to James C. George, and declared that he should "secure" nothing from the estate. The testator's daughter married, and died childless and intestate. It will be seen that no provision was made in the will by which the two nephews should receive the entire estate of the testator affected by the provisions of the item mentioned, except upon a contingency which did not happen. Under the contingency which did happen, one half of the property was, by the original will, to be divided equally between the two named nephews. In no event could this be increased by construction into a devise

and bequest to them of the whole estate. This court has held that the devise and bequest was not to the two nephews as a class, but as individuals. *Richardson* v. *Burns,* 142 *Ga.* 779 (83 S. E. 788). Therefore, when one of these nephews was cut off by the codicil, the other did not take one half of the whole estate, but one half of what would have gone to the two nephews had the legacy as to one of them not been revoked, that is, a fourth interest in the property mentioned in the eighth item of the will. What became of the other fourth, which would have gone to the other nephew had he not been cut off? This court in the decision above cited held that the will and codicil together created a pro tanto intestacy. What was the extent of the intestacy included in the words "pro tanto"? We think it is apparent that it meant to the extent of the interest which would have gone to the nephew had he not been cut off. The result of this is that the remaining nephew acquired, under the will, only a fourth interest in the entire estate, and not one half thereof. When the case was here before (142 *Ga.* supra), it came up on assignments of error by Richardson, the remaining nephew, to the effect that the trial court in its charge limited his right of recovery to a half interest in the property in dispute. Under such assignments of error, it was held that there was no error in so limiting his recovery. A reading of the decision will show that it was not held, as against his adversary, that he was entitled to recover that much, but that, upon his complaint, there was no error against him in limiting him to that extent. The case was not then before us upon exception by the opposite party, raising the point whether such nephew was entitled to recover to the extent of one half of the property, but solely upon the nephew's complaint that he was entitled to recover all of it, and that the court restricted him to the recovery of a half interest. The case is now before us upon exceptions by the defendant to the charge of the court in permitting Richardson to recover as much as a half interest; and the former decision is not conclusive of the point.

It was contended in the present case that the will created in the daughter of the testator a fee-simple estate, or at least a fee defeasible in part upon certain contingencies; that, under the contingency which happened, only a fourth interest passed to Richardson; that the remainder of the estate was not divested from the

daughter of the testator, and upon her death passed to her husband by inheritance. It is unnecessary to discuss, as an original proposition, the question whether the one-fourth interest which would have gone to James C. George, had he not subsequently been cut off by the codicil, remained in Mrs. Burns, the daughter of the testator, as a part of a fee defeasible, but touching which part no defeasance took place, or whether there was an intestacy as to this one-fourth interest, which thereupon passed to her as the daughter and heir of the testator. The plaintiff acquired only a one-fourth interest in the property, and can recover no more. This court has decided that, as to the interest which would have gone to James C. George save for the codicil, there was an intestacy. That ruling is now the law of this case, and is not open for further discussion in the same case.

4. A plea was filed, alleging that the daughter of the testator, who was also the wife of the defendant, while in possession of the real estate, claiming title to it under the will of her father, made permanent improvements on it, of the value of $5403.20, by which the value of the premises was increased in that amount; that she held possession bona fide, under claim of title adverse to the plaintiff, and such improvements were bona fide placed on the land; that before the making thereof the premises were of no value for rental, and but for them it would have no rental value. It was sought to set off such improvements in favor of the defendant as against the claim for mesne profits, and also to set them up under the Civil Code (1910), § 5587 et seq. It was contended in the brief of counsel for the plaintiff in error, that if a tenant in common, acting in good faith, and for the purpose of bettering the property, and not for the purpose of embarrassing his cotenant, encumbering the estate, or hindering partition, makes substantial and valuable improvements, the tenant so acting is entitled to compensation to the extent to which the value of the common property has been increased. The cases of *Smith* v. *Smith,* 133 *Ga.* 170 (65 S. E. 414), and *Helmken* v. *Meyer,* 138 *Ga.* 457 (75 S. E. 586, 45 L. R. A. (N. S.) 738), were cited in support of this contention. Considering first the point last stated, it may be disposed of by pointing out that this was not a proceeding for partitioning; that Mrs. Burns was never a tenant in common with the plaintiff, who took no title until her death childless; that it

was alleged that she claimed adversely to the plaintiff; that the defendant erected none of the improvements, but apparently claimed by inheritance as the sole heir of his wife; and that no mesne profits were claimed or allowed for any time prior to her death.

There was no contention here as to any possible difference in respect to the realty and personalty left by the testator.

The plea did not make a case falling within the provisions of the Civil Code (1910), § 4347, or §§ 5587, 5588. If one, holding under a will which creates in him a life-estate, with remainder over, makes valuable improvements upon the land during his occupancy, such improvements are not a charge upon the property when it comes to the remainderman. *Dean* v. *Feely,* 69 *Ga.* 804 (5); *Austell* v. *Swann,* 74 *Ga.* 278. The case is similar where a will devises a fee defeasible in whole or in part upon the first taker dying childless, and with a devise over in that event. To say that the devisee of such a defeasible fee claims under the will, but adversely to the devisee who is to take upon the contingency, would be to say that she claims under the will but against its provisions. The mere general allegation that Mrs. Burns claimed under the will but adversely to the present plaintiff can not alter the case. If a life-tenant or taker of a defeasible fee under a will could charge the estate in remainder or the devise over with the cost of improvements made by her while claiming under the will, she could practically destroy such remainder or devise by erecting improvements while she has the right of possession and use, and although the person who will take ultimately can not object to the making of the improvements, or afterward claim any mesne profits on account of such possession. In the case now before us no independent, adverse claim by Mrs. Burns, the testator's daughter, other than under the will, was alleged. The will did not devise to her an absolute, fee-simple estate, as has already been held. If she should marry and die childless, the plaintiff, Richardson, was to take a one-fourth interest in the estate of the testator. In *Gardner* v. *Grannis,* 57 *Ga.* 539, 540, it was said: "A defendant in ejectment is not liable for mesne profits taken, prior to his own entry, by those under whom he claims; but if, in accounting for the profits chargeable to himself, he claims credit for improvements made by his predecessor, such improvements must first

answer for the profits taken by those who erected them." *Mills* v. *Geer,* 111 *Ga.* 275 (4), 294 (36 S. E. 637, 52 L. R. A. 934). The impossibility of applying this rule to the present case furnishes an additional argument tending to show that it does not fall within the provisions of the sections of the Civil Code above cited. The defendant is not claiming compensation for any improvements as having been made by him, but only for those made by his deceased wife, under whom he claims as an heir. But, during her lifetime, she was entitled to the possession of the estate devised to her. No mesne profits could be recovered for such time.

The rule as to improvements made by a trespasser and the extent to which they may be set off against mesne profits claimed (Civil Code of 1910, § 5671) has no application to this case. Mrs. Burns was not a trespasser. If her husband, the defendant, can be considered as such, he has made no improvements.

That the petition of the plaintiff prayed equitable relief was not sufficient to give the defendant a right to set off the improvements made by his wife as above indicated.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*