CRAWFORD *et al.* *v.* MOORMAN *et al.*

GILBERT, J. 1. Error is assigned on the judgment overruling the general demurrer to the petition. It is argued that the defect in the petition consisted in the failure to allege that Alexander Kemp died in possession of the land. The same question was raised by a motion for a directed verdict. The petition alleged and the evidence showed that Alexander Kemp was the common grantor of both plaintiff and defendant. "The defendant by claiming under the plaintiff's grantor admits title in such grantor." *Held*, no error. *Mentone* v. *Taylor*, 161 *Ga.* 237 (130 S. E. 527).

2. Error is assigned on the action of the court in ruling out all evidence of witnesses of the defendants "as to improvements made prior to the death of Mrs. Caroline Wells, life-tenant," and, on motion of plaintiffs for a directed verdict, stating orally that the evidence showing the value of permanent improvements placed upon said lands prior to the death of the life-tenant was not admissible, the defendants contending that the testimony was admissible and that they were "entitled to have the value of all permanent improvements placed on the said lands by themselves and their predecessors in title, in good faith, set off against the mesne profits." *Held*, no error. Civil Code (1910), § 5926. The will under which Mrs. Caroline Kemp Wells held a life-estate was probated on November 27, 1859. The sale by her and her husband to David Brown and Peter Crawford was on January 20, 1869. These vendees, by the exercise of the slightest diligence, could·have found from the terms of the will that Mrs. Wells did not own the fee-simple title to the land, but held only a life-estate. Moreover, in so far as the record in this case discloses, the interests of the remaindermen were not represented or considered by the judge of the superior court in passing the order for sale of the land for reinvestment. Expenditures for improvements on land by a life-tenant, or by one holding under a life-tenant and during such tenancy, are not properly chargeable against the remainder interests. *Burns* v. *Richardson*, 145 *Ga.* 430 (89 S. E. 418); *Hamilton* v. *Kinnebrew*, 161 *Ga.* 495 (4) (131 S. E. 470).

3. The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 8733. MARCH 16, 1932.

630

*J. W. Overstreet,* for plaintiffs in error.
*J. Henry Howard* and *T. J. Evans,* contra.