## In the Matter of the Estate of JACOB KRUP, Deceased.

Surrogate's Court, Kings County, March 15, 1940.

*Isidor Block*, for Mary Perlmutter, petitioner.

*Borris M. Komar*, for the objectors.

WINGATE, S. No serious contention was advanced that the holographic document dated October 27, 1939, was not duly executed as a will by a competent and unconstrained person. It is obviously testamentary in character and is, therefore, entitled to probate and will be admitted accordingly. (*Matter of Davis*, 182 N. Y. 468, 474, 475; *Matter of Higgins*, 264 id. 226, 229; *Matter of Webb*, 122 Misc. 129, 133; affd., 208 App. Div 793; *Matter of Mortensen*, 157 Misc. 717, 722; *Matter of Strickland*, 172 id. 976, 977, and precedents cited.)

Since the court has acceded to the request of the parties that the dispositive effect of the instrument shall be determined following its admission to probate, this question remains for evaluation. The document reads:

" *October* 27, 1939

" DEAR MRS. LAMPEL:

" Since during the last few months I was twice in a critical condition with my health I wish to state here that in case of my sudden death all my property excepting my books and manuscripts should go to my sisters and brother.

" My books and manuscripts should be turned over to Mr. Jaludsky residing at present at 616 W. 137th St. to dispose of these as he sees fit.

" Any other such arrangement made previous to this date is hereby declared void.

" JACOB KRUP "

The foregoing is followed by the signatures of the witnesses.

The chief object of the desired interpretation is the determination of whether this will effected a revocation of a previous purported testamentary document dated March 8, 1939.

The answer to this question must be in the affirmative even were it to be determined that the disposition of the property of the testator was made upon a condition which has failed of fulfilment. The statement in the third paragraph is independent and wholly disconnected from those in its two predecessors. It is a positive statement couched in words of present effectiveness: " Any other such arrangement made previous to this date *is* hereby declared void." (Italics supplied.) This language is in contradistinction to the conditional implication of the words " *should* go " and " should be turned over," inserted in the previous paragraphs, respecting the disposition of his property.

One of the several permissible methods of revocation of a will specified in section 34 of the Decedent Estate Law is " by some other will in writing, or some other writing of the testator, declaring such revocation   *   *   *, and executed with the same formalities with which the will itself was required by law to be executed."

The third paragraph of the present will complies exactly with this description.  It follows, therefore, that any previous documents of a testamentary nature, including that dated March eighth, were revoked by the instrument which has been admitted to probate.

The remaining question concerns the dispositive effect of the first two paragraphs of the paper.  Either they are effective or the decedent died intestate as to all property owned by him.  Since he took the trouble to prepare a will and exhibited a great concern

respecting this particular document, there is a strong inference to reinforce that created by law that he did not intend to die intestate. (*Matter of McGowan*, 134 Misc. 409, 411; affd., 228 App. Div. 779; affd., 254 N. Y. 513; *Matter of Rossiter*, 134 Misc. 837, 840; affd., 229 App. Div. 730; affd., 254 N. Y. 583; *Matter of Weissman*, 137 Misc. 113, 119; affd. on opinion of this court, 232 App. Div. 698; *Matter of Weil*, 151 Misc. 841, 848; affd., 245 App. Div. 822.)

The problem as to the meaning of the testator centers on his use of the phrase " in case of my sudden death " which prefaces his gift. The evidence demonstrates that he was suffering from a serious cardiac ailment which, as he indicates in the will, had twice placed him " in a critical condition " within a few months prior to its execution. It has further been shown that within less than a month after its execution he had another attack of the same variety, which came upon him while reading a letter which he had just received, and which proved fatal.

In the opinion of the court, the only reasonable interpretation of the expression of the testator, in view of the composite demonstration, is that he intended that if he died as a result of his dreaded malady without having made some subsequent and more formal testamentary disposition of his assets, this should serve as his effective devolutionary direction, and this construction will be adopted with resulting effectiveness of the first two paragraphs of the document.

Enter decree on notice in conformity herewith.