ESTATE OF HOLMES: MADISON TRUST COMPANY, Trustee, Respondent, vs. HOLMES, Appellant.

*September 10—October 7, 1941.*

For the appellant there were briefs by *Spohn, Ross, Stevens & Lamb* of Madison, and oral argument by *Myron H. Stevens*.

For the respondent there were briefs by *Sanborn, Blake & Aberg* and *Robert W. Arthur,* all of Madison, and oral argument by *Mr. Arthur*.

The following opinion was filed October 7, 1941:

FOWLER, J.    This case is a sequel to the case of *Estate of Holmes,* 233 Wis. 274, 289 N. W. 638.    In that case the will

of Holmes was construed as giving to his widow the life use of his property with power to use such part of the corpus of the estate as she deemed needful for her proper support and care, and to convey, but did not give her the power to give it away. The will gave the homestead to the appellant after the widow's death, and the other property not consumed for the widow's support was given in trust to named remaindermen. The widow had deeded two parcels of real estate and given a bond to the appellant, who is the adopted son of her husband and herself, all without consideration. We held that the deeds were void because without consideration, but that as the proceeds of the bond had all been used by the son for the benefit of the widow, and the son and the widow had placed a mortgage on one of the items of real estate deeded as security for money loaned which was received by the son and wholly expended for the widow's benefit, and was thus devoted as the testator by his will intended his property should be used, the son on accounting with the estate should be credited with the amount so expended, but that the equity in the property conveyed belonged to the estate of the husband.

After the deed to this property was executed the appellant made payments of principal and interest on the mortgage. This court directed an accounting to determine the amount of these payments, that the appellant be credited therewith, and further directed that on such accounting the appellant should be credited with taxes paid by him on the property deeded and expense of upkeep and improvements of these properties, and charged with the rents thereof received by him. The opinion was silent as to the period the accounting for the several items should cover and as to what taxes, expenses of upkeep and improvements should be comprised in the accounting.

On the accounting pursuant to the above direction the appellant claimed credits for items expended by him for upkeep, improvements, and taxes prior to the widow's death, and compensation for services rendered by him in managing and caring for the property, both prior and subsequent to the widow's death. The appellant appeals from the disallowance

of some of these items, and the respondent by motion for review attacks the allowance of others.

One of the items in controversy is for services rendered in management of the two parcels of land deeded. The court denied the claim for services in this respect rendered prior to the execution of the conveyance but allowed for such as were rendered thereafter. Holmes assigns as error these disallowances, and the trustee assigns as error their allowances.

We consider that the date of the widow's death, rather than the date of the deed, fixes the period at which the accounting for these services should begin. The claim for services seems to consist of those denominated as for management of the property and for care of it. However denominated, compensation should be denied for services performed prior to the widow's death. The deeds being void for want of consideration, as held in our original decision, and the widow being entitled to the use of the property during that time, these services were performed for the widow. The claimant was a son. No agreement for compensation was made. They are therefore presumed to have been gratuitous. There is a general charge of $320 for management of property. There was an allowance of $192 therefor. It does not appear when the services in management allowed for were performed. Payment for management after the widow's death should be allowed. Services in that behalf before that time should be denied.

Some of the charges in controversy were for improvement of the properties deeded to appellant. The respondent objects to allowance for improvements but makes no distinction between those made before and those made after the widow's death. A life tenant has no right to improve at the expense of the remainderman property of which the tenant has the life use. *Nixon v. Nixon,* 184 Wis. 200, 199 N. W. 50, and *Perkins v. Perkins,* 173 Wis. 421, 180 N. W. 334, 181 N. W. 812, plainly so hold. *Tellet v. Albregtson,* 160 Wis. 487, 152 N. W. 152, holds that a grantee of the life tenant, although in belief that the conveyance carried the fee, has no right to charge for improvements made during the life of the tenant.

Several cases from other jurisdictions are cited in support of the contention that the appellant is not entitled to allowance for expenditures for improvements. *Maxwell v. Hamel,* 138 Neb. 49, 292 N. W. 38; *Trimmier v. Darden,* 61 S. C. 220, 39 S. E. 373; *Mayes v. Payne,* 22 Ky. Law, 1465, 60 S. W. 710; *Crawford v. Moorman,* 174 Ga. 629, 163 S. E. 179; *Sumner v. Bingham,* 210 Ala. 446, 98 So. 294. These cases only involved improvements made during the life of the life tenant. *Degenkolv v. Daube* (Pa. Super.), 18 Atl. (2d) 464, is also cited as to the liability for improvements. It has no application to the issues here involved, but does support our original decision that a widow having a life use of property with power of consumption for support and to convey has no power to give it away. Expenditures after the widow's death for structures or changes of a permanent nature that really enhanced the value of the deeded properties should be allowed for.

There is controversy over credits to appellant for payment of taxes. As a general proposition, it is the duty of the life tenant to pay taxes on the property of which he has the use, and so as to the tenant's grantee. The instant case however seems not to be entirely within this rule. The widow was entitled under the will to use the corpus of the estate for payment of the taxes on it so far as, if at all, such payment was necessary to protect her in the use of the property. Such taxes, if any, as during the life of the widow the appellant paid on the property that he did not pay out of the income received by him from the property he should be credited with. Such taxes as were paid out of such income he should not be credited with. Taxes imposed after the widow's death paid by the appellant should of course be credited.

There is also controversy over payment of rent of a cottage paid by Holmes during the widow's life. This cottage was occupied by appellant and his family. The payment was properly disallowed by the court.

Other items are in controversy that fall under the head of upkeep of the property. It was the duty of the widow to keep up the property during her life, and such expenditures of the

appellant as are of this nature made during her life he should not be credited with. Such, if any, as were made after her death he should be credited with. But such allowances should be limited to expenditures reasonably necessary to prevent deterioration of the deeded property or to render it rentable at reasonable rates. Expenditures made merely to "pretty up" the properties to suit the taste of the appellant as the supposed owner that did not enhance the value of the property to the remaindermen should be disallowed.

This we believe covers all matters in controversy. The account must be restated and allowances made and items disallowed in accordance with the opinion. No costs will be allowed to either party. Appellant will pay the clerk's fees.

*By the Court.*—The judgment of the county court is reversed for further proceedings in accordance with the opinion.

The following opinion was filed December 2, 1941:

PER CURIAM. A motion for rehearing is made for the purpose of having this court fix the date at which the accounting by the appellant Holmes of the rents from the real estate should begin. It should begin at the death of the widow.

As no assignment of error is made by the respondent as to the allowance of items contained in schedule A of appellant's original account, no review of those items is involved.

No costs of motion are allowed.