240 P.2d 821

In re HEAZLE'S ESTATE.

No. 7783.

Supreme Court of Idaho.

Feb. 5, 1952.

Perce Hall, Mountain Home, for contestants and appellants Violet Rodda, Eileen Bachman, and Margaret Bachman.

Samuel Kaufman, Jr., Boise, for contestants and appellants Tom Rock and Lillian Rock.

J. W. Galloway, Boise, and Earl E. Garrity, Nampa, for petitioner and respondent William C. Heazle.

"I Jean Heazle of Murphy & DeLamar, being of sound mind, make my last will and testament

"Wish my horses & Cattle run on my range as they always have been until the expiration of the Lease now in effect The relatives to run the Jean Heazle Horse & Cattle Co in cooperation with the Lease Two Relatives to get paid for running my share of Lease at 8.00 per day, to be selected among themselves

"30th October 1949

"Jean Heazle

"Witnesses:
"James H. Howard
"Victor C. Ford
"Bernard C. Prowett"

This instrument was entirely written, dated and signed by the hand of the testatrix and, therefore, so far as execution is concerned, fully conforms to the formalities required in the execution of a will. § 14–304, I.C.; In re Estate of Hengy, 53 Idaho 515, 26 P.2d 178.

**TAYLOR, Justice.**

Jean Heazle died November 3, 1949, leaving an estate consisting of land and cattle and horses in Owyhee County, Idaho, of the estimated value of $20,000.00. On November 9th, 1949, a nephew, William C. Heazle, filed a petition for probate of a will dated May 15, 1947. This will provides a $100.00 bequest to each of three sisters and the rest of the estate is given to the petitioner, William C. Heazle. Contests were filed by a sister, Violet Rodda, by Tom and Lillian Rock, creditors, and by Eileen and Margaret Bachman, nieces.

The contestants rely upon an instrument executed by the deceased October 30, 1949, to-wit:

"I revoke all former wills

Answers were filed to the petitions of the contestants. In these answers the proponent alleges (1) that at the time of the execution of the document dated October 30th the deceased was incompetent and (2) that the document is not effective as a revocation because it is not a will and cannot be admitted to probate. After trial in the probate court the will of May 15, 1947, was admitted to probate. The protestants appealed and a trial de novo was had in the district court. Decree was entered affirming the order of

the probate court and denying the petitions of the contestants. The trial court found that the deceased "was competent and of sound and disposing mind" on May 15, 1947, when the will admitted to probate was executed, but made no finding as to the competency of the deceased on October 30, 1949, when the document relied upon as a revocation was executed. As to the latter instrument, the court found that it is not effective as a will and "is not devisible, and the instrument not being a valid will, the revoking clause contained in said so-called will is of no force and effect and falls with the will. That the revoking clause is not another writing by the testatrix as contemplated by statute." Our statute on revocation, so far as applicable here, provides:

"Except in the cases in this chapter mentioned, no written will, nor any part thereof, can be revoked or altered otherwise than:

"1. By a written will, or other writing of the testator, declaring such revocation or alteration, and executed with the same formalities with which a will should be executed by such testator; * * *." § 14-307, I.C.

The contestants present the instrument of October 30th as an "other writing" within the meaning of the statute, "executed with the same formalities with which a will should be executed" by the testatrix and, therefore, as an effective revocation of the will of May 15, 1947. They do not contend that it is a will. They have not offered and do not seek its admission to probate. This being appellants' position, we do not consider nor determine the sufficiency of the writing of October 30th to constitute a will.

Respondent's position is that since it purports to be a will it must be treated as such for all purposes, and since it makes no disposition of property and appoints no representative and is uncertain and indefinite, it fails as a will and therefore also fails as a revocation.

We do not think the statute should be thus narrowly construed. The fundamental principle of law underlying all of the rules which have been promulgated for the construction of testamentary writings is that which declares that the intention of the testator is to be ascertained and given effect where possible and lawful.

"* * * the cardinal rule of interpretation of a will is to ascertain and give effect to the intention of the testator. And to that end all rules of construction are to be followed only as they assist in determining that intention, and no rule, however sanctioned by usage is to be applied to thwart that intention. * * *" Central Trust Co. of Cincinnati v. Lamb, 74 Ohio App. 299, 58 N.E.2d 785 at 788.

Here the respondent relies in part upon the subordinate rule or doctrine of "dependent relative revocation." This doctrine assumes that had the testator known that the instrument containing the revocation was not effective as a will, he would not have declared the revocation, but would

prefer his previous will to intestacy. 57 Am.Jur., Wills, § 514; 1 Jarman on Wills 169–170; 1 Page on Wills, Lifetime Ed., § 478. As stated, the doctrine is subordinate to the rule which makes the intention of the testator paramount. Its application is, therefore, limited to cases in which it can operate in furtherance of the intention of the testator. And it is not to be applied in cases where it would defeat such intention. Accordingly it has been applied in cases where the subsequent will made the same or similar disposition of property as that made by the former, both of which would be defeated or modified by intestacy. From such facts it is presumed that the testator would prefer the probate of the first will than to have his estate descend according to law. In re Kaufman's Estate, 25 Cal.2d 854, 155 P.2d 831; Blackford v. Anderson, 226 Iowa 1138, 286 N.W. 735; Stewart v. Johnson, 142 Fla. 425, 194 So. 869; Anno. 62 A.L.R. 1367 at pp. 1401–1410.

 In this case there is nothing in the record which would justify the application of the doctrine; nothing to indicate that the expressly declared revocation of "all former wills" was made by the deceased to depend upon the effectiveness of other provisions in the document, or that she would not have revoked had she known that her other expressed wishes could not be executed. On the contrary, the direction, "relatives to run the Jean Heazle Horse & Cattle Co. in cooperation with the Lease Two Relatives to get paid for running my share of Lease at 8.00 per day, to be selected among themselves", would conflict with the authority and duties of the executor appointed by the first will. From this it is rather to be inferred that she wanted that will revoked in any event. Head v. Nixon, 22 Idaho 765, 128 P. 557; In re Dougan's Estate, 152 Or. 235, 53 P.2d 511; Phillips v. Smith, 186 Okl. 636, 100 P.2d 249; In re Hagan's Will, 234 Iowa 1001, 14 N.W.2d 638, 152 A.L.R. 1296; Hutchinson's Estate v. Arnt, 210 Ind. 509, 1 N.E.2d 585, 108 A.L.R. 530; Christ's Home v. Mattson, 140 N.J.Eq. 433, 55 A.2d 14, 173 A.L.R. 651; Anno. 62 A.L.R. 1367 at pp. 1401–1410; Anno. 125 A.L.R. 936.

In some states the statutes on revocation do not contain the phrase "or other writing", or equivalent, so that the method of revocation in such states is limited to a subsequent "will". Decisions from those states holding that a document purporting to revoke a will is not effective for that purpose because not entitled to probate, obviously are not precedents under our statute. 68. C.J., Wills, § 498.

On the contrary, both under statutes similar to ours and some without the "other writing" phrase, courts have held that an instrument to be effective as a revocation need not be effective as a will. In re Peirce's Estate, 63 Wash. 437, 115 P. 835; In re Ely's Estate, 74 Or. 561, 146 P. 89; Sullivan v. Murphy, 92 Or. 52, 179 P. 680; Dunsworth v. Dunsworth, 148 Kan. 347, 81 P.2d 9; Blackett v. Ziegler, 153 Iowa 344,

133 N.W. 901, 37 L.R.A.,N.S., 291; Burns v. Travis, 117 Ind. 44, 18 N.E. 45; In re Stege's Estate, 161 Misc. 667, 293 N.Y.S. 856; In re Krup's Will, 173 Misc. 632, 18 N.Y.S.2d 813; Colvin v. Warford, 20 Md. 357; Laughlin v. Atkins, 1 Pick. 535, 18 Mass. 535; In re Burtt's Estate, 353 Pa. 217, 44 A.2d 670, 162 A.L.R. 1053; Barksdale v. Hopkins, 23 Ga. 332; Richardson v. Burns, 142 Ga. 779, 83 S.E. 788; Conoway v. Fulmer, 172 Ala. 283, 54 So. 624, 34 L.R.A.,N.S., 963; Dougherty v. Holscheider, 40 Tex.Civ.App. 31, 88 S.W. 1113; In re Brackenridge's Estate, Tex.Civ.App., 245 S.W. 786; Wallingford's Ex'r v. Wallingford's Adm'r, 266 Ky. 723, 99 S.W.2d 729; Ennis v. Smith, 14 How. 400, 55 U.S. 400, 14 L.Ed. 472; Anno. 3 A.L.R. 833, Anno. 14 A.L.R. 1018; Anno. 147 A.L.R. 636; L.R.A. 1916C, 92 Anno.; 68 C.J., Wills, § 497; 57 Am.Jur., Wills, § 469.

From what has been said, it follows that the writing executed by the deceased on October 30, 1949, in form and substance is sufficient to revoke the will of May 15, 1947. However, to be effective as a revocation it must be found that decedent had testamentary capacity at the time. In re Dougan's Estate, 152 Or. 235, 53 P.2d 511; 57 Am.Jur., Wills, § 458.

The issue of competency having been pleaded and evidence thereon presented by both parties, and it being the controlling issue, it was error not to make a finding thereon. Holden v. Holden, 63 Idaho 70, 116 P.2d 1003; Strahorn v. Ellis, 66 Idaho 572, 165 P.2d 294; Naccarato v. Village of Priest River, 68 Idaho 368, 195 P.2d 370.

The judgment is reversed and the cause is remanded to the district court with directions to receive additional evidence on the issue of competency, without restriction, if either party desires to offer further proof thereon, and from the record and such additional evidence, if any, make a finding as to whether Jean Heazle was competent at the time she wrote the instrument on October 30, 1949, and to enter judgment as required by such finding and in accord herewith.

Costs to appellants.

GIVENS, C. J., PORTER and KEETON, JJ., and SUTPHEN, D. J., concur.