OPINION OF THE COURT
C. Raymond Radican, J.
In this probate proceeding, the issue before the court is whether a purported codicil dated August 10, 1975, satisfies the statutory requirements of EPTL 3-2.1 (a) (1). No objections have been interposed to the probate of the will or codicil.
The codicil is in the form of á letter written in the decedent’s hand which closes with the words "Love Mother”.
The informality of a paper does not prevent it from being given testamentary effect. A letter may be valid as a will (Matter of Krup, 173 Misc 632; Matter of Hansen, 72 Misc 610; *199 Morrell v Dickey, 1 Johns Ch 152). Here, the decedent states in the instrument that it is a codicil to her will. All other statutory requirements clearly having been met, the remaining question is whether the codicil was "signed” in accordance with the statute.
A will can be signed with initials, the testator’s mark (Jackson v Jackson, 39 NY 153; Matter of Irving, 153 App Div 728, affd 207 NY 765) or any lines visible on paper (Matter of Golicki, 116 Misc 100).
It follows that where a codicil ends with a word which indicates the testatrix’ relationship to the beneficiaries, rather than with a name, the statutory requirement is satisfied if the testatrix intended it to be her signature (In re Kimmel’s Estate, 278 Pa 435, 123 A 405; Wells v Lewis, 190 Ky 626, 228 SW 3). The court accepts "Love Mother” as the decedent’s valid signature for purposes of executing her codicil as required by statute.
Accordingly, the petition to admit the will dated November 26, 1974 and codicil dated August 10, 1975, to probate is granted.