## PENTON *v.* MYERS PARK PLACE CORPORATION.

1. In an action for specific performance, *held,* upon the facts appearing and agreed on, that the finding was authorized that a valid prescriptive title was shown to the land described in the contract that was the basis of the suit.
2. A court of equity had jurisdiction of the suit for leave to sell the land; and the decree for sale was valid and binding on all persons who might take under the will in question.
3. The decree of specific performance was authorized by the evidence.

No. 2135. SEPTEMBER 15, 1921.

Action for specific performance. Before Judge Meldrim. Chatham superior court. July 3, 1920.

*George H. Richter,* for plaintiff in error.

*William W. Gordon* and *Edward S. Elliott,* contra.

ATKINSON, J. A testator, a citizen of the State of New Jersey, died on April 26, 1884, leaving a will which was duly probated in that State. By the terms of the will all the property of the testator, wherever being, was left to his wife " for and during her natural life." After termination of this life-estate, one half of the income from the entire property was directed to be paid to Mary, the daughter of James Wayne Cuyler, a deceased son of the testator; and the other half of such income was directed to be paid to Alice H. Cuyler, the mother of Mary and widow of testator's said son, so long as she remained such widow. Should Alice H. marry again, $10,000 from the corpus of testator's estate should be paid to her in lieu of the " income " above mentioned, and from and after such marriage the whole of the income from the rest of testator's estate should be paid to Mary so long as she should live. Should she die leaving a child or children or the representative of children, and should her mother, Alice H. Cuyler, be living and unmarried, the executors were directed to pay to her out of the estate of the testator the sum of $10,000, and to divide the rest of the estate equally among such child or children or the representatives of children of Mary, the daughter, that may be living at the time of her death. Should she die without leaving child or children or the representative of children, leaving her mother, Alice H., alive and unmarried, then Alice H. should receive the sum of $10,000, and all the rest, residue, and remainder of the estate should go to the heirs at law of the testator's two deceased brothers, Richard R. Cuyler and Telemon Cuyler, to be equally divided among them,

and to their executors, administrators, and assigns forever.  Should Alice H. not be alive or should she be married at the time of the death of Mary, and should Mary die without leaving child or children or the representative of children, all of the estate of the testator should be equally distributed to the heirs at law of his above-named deceased brothers.  By a codicil Alice H. was nominated as coexecutrix of the will.

Only one of the nominated executors and Alice H., executrix, qualified.  The executor subsequently died, leaving Alice H. as sole surviving executrix.  The first life-estate terminated at the death of the testator's widow on June 29, 1885.  Mary, the daughter of Alice H., became Mary Edgerton by marriage; and there were three children, the issue of said marriage: Cecely, a daughter, who had attained majority prior to June 14, 1911; and two sons, Philip and Rowland, who died unmarried before said date, without leaving child or children.  By a second marriage said Mary became Mc-Creery, and the issue of that marriage on June 14, 1911, was one child, Isabel, 8 years of age.  Another child was born after the date just mentioned.  There were living also, on June 14, 1911, one daughter and grandchildren and great-grandchildren of the two deceased brothers of the testator.  Of the property left by the testator there were certain lands in Chatham County, Georgia.  On June 14, 1911, Alice H., never having married again, instituted a suit in the superior court of Chatham County, Georgia, in her individual capacity and as sole surviving executrix.  Her daughter Mary and such of her children as were then in life, and the descendants above mentioned of the testator's two deceased brothers, were named as parties defendants.  All of the defendants except one, being non-residents of the State, were served by publication, and guardians ad litem were appointed for such of them as were minors, and they accepted the appointment and served as such.  The resident defendant was also duly served.  The petition alleged all that is stated above; and further: "Petitioner shows that all the above 200 acres of land is farming lands, and unproductive, save for small rentals.  That some forty acres of said tract known as Cuyler lots No. 7 and 8 became part of the City of Savannah about the year 1906, known as the south part of lot 8 Kehoe Ward, the north part lot 8 Oliver Ward, and all of lot 7 Oliver Ward, and shortly thereafter the property was assessed for taxes upon the basis

of city lots; and that petitioner, in February, 1910, paid $1,013.92 city taxes for the years 1907 and 1908, and, having gotten the assessment reduced, your petitioner thereafter has been compelled to pay in the neighborhood of three hundred and twenty-five & $25/100$ dollars annually as city taxes on this property, not to mention the State and County taxes ninety-three & $72/100$ dollars annually; and your petitioner avers that the income from said land, amounting to less than one hundred dollars annually, is wholly insufficient to pay the taxes, and that petitioner has been compelled to pay the taxes out of her own pocket, and the estate is now due her upon the item of taxes alone $3500.00, and said items will increase indefinitely unless this honorable court afford some relief to petitioner. Petitioner shows that an offer has been made to buy these forty acres, also one of the swamp lots, the north 15 acres of lot 26, at $150.00 per acre or $2250.00, and other offers will be made, these forty acres known as the south part of lot 8 Kehoe Ward, the north part of 8 Oliver Ward, and all of lot 7 Oliver Ward, for the sum of $22,500.00, of which $5000.00 is cash, balance payable in one, two, three, and four years at 5 per cent. per annum. And your petitioner is advised and believes that this would be a good sale for the property; and she desires to sell from time to time all of said property and make title to the same in order to reimburse herself, and in order that the balance of the purchase-price may be preserved and distributed in accordance with the will of John M. Cuyler, it being manifestly to the best interest of all concerned that this be done." The prayer was: "That the executrix be authorized to sell the said tract of about forty acres formerly known as 7 and 8 Cuyler lots, and that she be authorized to execute and deliver a deed to the purchaser as above stated. That the proceeds of the sale be applied to repay her for her advances. That the surplus be turned over to her as executrix under the laws of Georgia governing the distribution of funds to foreign executors, or upon such terms as to the court may seem proper."

The defendants appeared and demurred to the petition, on the following grounds: "1st. That said petition sets forth no cause of action. 2nd. That, from an examination of the will exhibited with said petition, it appears that the executrix under said will is not clothed with any trust in relation to the title to said lands, and without being so clothed is without power to institute pro-

ceedings for the sale of said land: 3rd. That said petition shows no facts that would authorize the payment of taxes out of the funds arising from said sale, in the event said sale can be made." The demurrer was overruled. The answer admitted all of the allegations of the petition, and added the following: "Further answering said petition, your defendants show unto the court, that, while they admit the facts shown in said petition and that they are all of the parties interested under said will, they deny that the said plaintiffs and particularly that the said executrix has any right or power to bring about the sale of the said property; for it will be seen from an examination of the will in said case that said executrix is not clothed with any trust in relation to the title of said lands, and consequently said executrix cannot have or maintain said proceedings."

At the time of filing the suit the plaintiff also filed in the court a copy of the probated will of the testator and the proceedings thereon in the surrogate's court of New Jersey. duly exemplified under the act of Congress. On the trial the jury returned the verdict: "We, the jury, find in favor of the contentions of plaintiff." On the verdict so rendered the court entered the following decree: "Whereupon it is considered, ordered, and adjudged that the prayers of said petition be and the same are hereby granted. 1st. That Alice Cuyler, executrix of the estate of John M. Cuyler, be and she is hereby directed to make, execute, and deliver a deed conveying in fee simple, unto Collins Brothers Company and their assigns, at and for the sum and price of $550.00 per acre for 40 acres, more or less, being approximately twenty-two thousand, five hundred dollars ($22,500.00), with interest thereon from October 19, 1911, at the rate of five per cent (5%) per annum, those forty acres (40), more or less, of land situate, lying, and being in the County of Chatham, and known upon the map or plan of the City of Savannah as the south part, lot 8, Kehoe Ward, and the north part of lot 8 Oliver Ward, and all of lot 7 Oliver Ward, said land being more fully described in the petition in this case, reference to the same being hereby made." The Myers Park Place Corporation, as remote grantee of Alice H. Cuyler, executrix of the will of John M. Cuyler, deceased, instituted an equitable action in the superior court of Chatham County, against George H. Penton and Alice H. Cuyler as executrix, for specific performance

of a contract for the sale of two certain lots of land in a subdivision of Cuyler lot number 7 in Oliver Ward, which plaintiffs had contracted to sell to said Penton, and to settle plaintiff's rights as against the estate of the testator. Penton, raised two objections to the grant of the relief prayed against him: (1) That the testator did not have a deed to said lot number 7, and that the estate did not have any title to said lot which the executrix could convey. (2) That the court decreeing the sale of the land was without jurisdiction to render the decree, and consequently the sale did not divest the title of all persons who might be interested under the will.

The case was submitted to the judge for decision without a jury, upon an agreed statement of facts; and judgment was rendered for the plaintiff. The defendant excepted. So far as necessary to be stated the agreed facts are as follows: There could not be found of record any deed to the testator conveying said lot number 7, but that lot was included in the property claimed by the widow of the testator as part of the estate of the latter, when she died in 1885. Shortly before her death she turned the property over to certain persons to manage it as agents of the testator's estate. Subsequently the representatives of the testator's estate took actual possession of all of lot number 7, with other property of the testator, and maintained such possession openly, notoriously, exclusively, and continuously for a period of more than 20 years before June 14, 1911. Upon the foregoing statement of facts we rule as follows:

1. On the basis of the agreed statement of facts, the trial judge was authorized to find that the estate of the testator had a valid prescriptive title to the land specified in the contract that was the basis of the suit for specific performance.

2. The court of equity had jurisdiction to entertain the suit for leave to sell the land; and the decree ordering the sale was valid and binding upon all persons who might take under the will. *Cooney* v. *Walton,* 151 *Ga.* 195 (106 S. E. 167) ; *Donaldson* v. *Donaldson,* 151 *Ga.* 208 (106 S. E. 172).

3. The evidence submitted by agreed statement of facts was sufficient to authorize the decree for specific performance.

*Judgment affirmed. All the Justices concur.*