ROSENBERG *v.* PHELPS *et al.*

1. Where a sale and deed were made in pursuance of a decree in an equitable suit for partition wherein the court had jurisdiction of the parties and the subject-matter, after due service of the defendants therein, including a guardian ad litem appointed for certain minors, who became a party and filed answers for them, such decree was not open to collateral attack in a suit for rescission by a remote grantee of the purchaser at the sale, brought against his immediate grantors, alleging that they had induced him to purchase the land while in ignorance of the partition sale, by representing to him that they had a good marketable title in fee simple, which (as contended) they had not, because, the subject-matter of the decretal sale being merely a contingent-remainder interest that might never become vested, the court of equity was without jurisdiction to render the decree, and that consequently the sale thereunder was void.

2. It is not here ruled that the facts in the partition suit made a proper case for ordering a sale of the contingent interests. On direct exception to that order a different question would be presented.

No. 4341. JANUARY 20, 1925.

Equitable petition. Before Judge E. D. Thomas. Fulton superior court. March 26, 1924.

*Candler, Thomson & Hirsch* and *Thomas J. Long,* for plaintiff. *Mitchell & Mitchell* and *T. B. Higdon,* for defendants.

ATKINSON, J.   On the 13th day of July, 1920, J. P. Phelps executed a deed which purported to convey described land situated in the City of Atlanta.   The conveyance was to Mrs. L. L. Phelps, the wife of the grantor, during the period of her natural life, with the provision that, if she should die before his (J. P. Phelps') death, the property should revert to him at her death, but that if he, the said J. P. Phelps, should die before Mrs. L. L. Phelps, "then said property at her death shall revert to the following named children of the parties hereto, to wit: Lucy Lee Phelps, Maggie Nevada Phelps, C. D. Phelps, Emma Elizabeth Phelps, Annie Murphy Phelps, and Mary Florence Phelps, to be shared equally among them."   After one of the children attained majority, she instituted an equitable suit against the two parents and the five minor children, for partition of the remainder interest among the said minors, and for distribution among them.   The defendants were duly served, and a guardian ad litem was duly appointed for the minors, who became a party to the suit and filed answers for the minors.   A decree was regularly granted, authorizing a sale of the contingent interests of the minors.   A sale of such interests was made in virtue of the decree, and the proceeds of sale were distributed among the remaindermen.   Subsequently a remote grantee of the purchaser brought suit against his immediate grantors, alleging that such grantors had induced him to purchase the land while in ignorance of such partition sale, by expressly representing to him that they had a good marketable fee-simple title, when in fact they did not have such marketable title, because, the subject-matter of the decretal sale being merely a contingent-remainder interest in land that might never become vested, the court of equity was without jurisdiction to render the decree, and consequently that the sale under the decree was void.   The prayers of the petition were for rescission and other relief.   The court sustained a general demurrer to the petition, and dismissed the action.   The plaintiff excepted.

1.   The sale and deed were made in pursuance of the decree which was rendered in the prior equitable suit for partition.   In the present suit for rescission, between other parties who are immediate and remote grantees of the purchaser at the sale, the decree is attacked as void on the ground that the court was without

jurisdiction to render the decree, for the sole reason that the subject of partition was a mere contingent interest in the property that might never become vested. These circumstances show only a collateral attack upon the decree.

2. In this State, equity has by statute jurisdiction in cases of partition, whenever the remedy at law is insufficient, or peculiar circumstances render the proceeding in equity more suitable and just; and the court will mold its decree, in every case, to meet the general justice and equity of each person entitled, and in its discretion may postpone or deny either a partition or a sale, if it shall appear that the present or prospective interest of each tenant may not be protected thereby. Civil Code (1910), §§ 5355, 5357.

3. It has been held by this court that a court of equity may render a decree, based upon equitable grounds, for the sale of the interests of contingent remaindermen, before the happening of the event upon which the estate is to vest. *Cooney* v. *Walton*, 151 *Ga.* 195 (106 S. E. 167); *Ethridge* v. *Pitts*, 152 *Ga.* 1 (108 S. E. 543). These decisions were rendered on direct exception to the decree; but the effect of them was to hold, first, that the court of equity has power or jurisdiction under the law of this State to decree a sale of the contingent interests of remaindermen; and second, that under the facts of the given cases there was no erroneous exercise of such jurisdiction.

4. In this case the petition for rescission shows upon its face that in the prior equity suit for partition the court had jurisdiction of the parties thereto and subject-matter, and consequently that the decree rendered was not subject to the collateral attack which is now urged against it. It is not here ruled that the facts in the partition suit made a proper case for ordering a sale of the contingent interests. If the decision depended upon a proper direct exception to that decree, a different question would be presented.

5. It follows that the trial judge did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur, Hines, J., specially.*