## HAMILTON *v.* KINNEBREW *et al.*

HILL, J.  1.  One assignment of error in the bill of exceptions is as follows: "That while said cause was pending and before the term of the court at which the same was tried, to wit, on the 3rd day of January, 1925, at the October term, 1924, of said court, without any notice to plaintiff in error or her attorney, and in their absence, and without any evidence being submitted further than the record in said cause, the court passed an order declaring service perfected upon certain parties to said cause, to which order of the court the plaintiff in error excepted, now excepts, and assigns error thereon, upon the ground and for the reason that the same was contrary to law, and especially for the reason that there was no evidence or facts before the court upon which such order could be based." Properly construed, this assignment of error means that the judgment rendered was contrary to law because there was "no evidence or facts before the court" when the judgment was rendered. This is not the equivalent of showing that there was no evidence. It is merely the assertion of the reason for the assignment of error; and in order to set aside a judgment prima facie valid, the burden is upon him who asserts the illegality to show such by evidence. The judgment here attacked is on its face valid, the judge in rendering the judgment reciting: "it appearing to the court that in accordance with the order of this court filed on the 9th day of August, 1924, providing for service by publication" on several parties defendant, including Francis and Douglas Dougherty, "and the publication was made as provided by law, . . service is hereby declared perfected" as to all the parties. It will be assumed that all necessary facts were duly made to appear, and the court was therefore authorized to render the judgment of which complaint is made.

There was also a plea in abatement and a motion to vacate the order of the court declaring that service by publication had been made. The exceptions to the overruling of the plea in abatement and motion to vacate are based upon the same grounds as set out above, and for the reasons there given are without merit.

2.  It is insisted that the first two assignments of error in the bill of exceptions were not preserved by pendente lite exceptions, and that the bill of exceptions was not signed within the time required to preserve the same. Under the Civil Code (1910), § 6152, where the court remains in session longer than thirty days in a civil case, the plaintiff in error may present to the court his bill of exceptions for certification at any time within sixty days from the date of the decision. The court in which the foregoing judgments were rendered remained in session longer than sixty days. In fact, as certified by the clerk, the court was still in session on the day that the bill of exceptions was certified, and the certification was in less than sixty days from the date of the judgments rendered, and therefore was within the time allowed by law.

---

Appeal and Error 3 C. J. p. 1387, n. 63, New; 4 C. J. pp. 269, n. 13; 272, n. 38; 744, n. 78; 746, n. 9, New; 751, n. 26.

Estates 21 C. J. pp. 953, n. 13; 955, n. 69; 958, n. 1; New; 1002, n. 2.

Judgments 34 C. J. p. 352, n. 50.

3. Exception is taken to the overruling of the demurrer to the petition, on the ground, among others, that the petition as amended does not set out sufficient facts to constitute a cause of action either at law or in equity, and that the facts alleged do not warrant the granting of the relief prayed for by the plaintiff. This exception is without merit. This court has held that "A court of equity may render a decree, based upon equitable grounds, for the sale of the interests of contingent remaindermen, before the happening of the event upon which the estate is to vest. *Cooney* v. *Wallon,* 151 *Ga.* 195 (106 S. E. 167); *Elhridge* v. *Pitts,* 152 *Ga.* 1 (108 S. E. 543)." *Rosenberg* v. *Phelps,* 159 *Ga.* 607 (3), 609 (126 S. E. 788). And see *Clements* v. *S. A. L. Ry. Co.,* 158 *Ga.* 764 (124 S. E. 516).

4. The 5th, 6th, 7th, and 8th grounds of the demurrer are special grounds, and challenge the sufficiency of the petition where petitioner seeks contribution for the amounts expended by him in paying off liens against the property for taxes, street improvements, and in rebuilding a wall, which is a permanent improvement on the property. These expenditures by the life-tenant are not properly chargeable against the remainder interests, and these grounds of the demurrer should have been sustained. *Dean* v. *Feely,* 69 *Ga.* 804; *Austell* v. *Swann,* 74 *Ga.* 278 (1 *a*); *Burns* v. *Richardson,* 145 *Ga.* 430, 437 (89 S. E. 418).

5. The court having erred in overruling the special demurrers, as indicated above, all subsequent proceedings were nugatory.

*Judgment reversed. All the Justices concur.*

No. 4812.   JANUARY 13, 1926.

Equitable petition. Before Judge Wright. Floyd superior court. January 14, 1925.

J. B. S. Kinnebrew brought his petition against Gaines Dougherty, Dabney H. Dougherty, and C. W. Morris, administrators de bonis non cum testamento annexo of Alexander Dougherty, deceased, and alleged in substance the following: Alexander Dougherty died in Floyd County in 1902, seized and possessed of two certain described storehouses and lots in the city of Rome, Georgia. By the 9th paragraph of his will, which has been probated (but a copy of which is not attached to the petition), the testator bequeathed the real estate described to his two sons, Alexander Dougherty Jr. and Dabney H. Dougherty, during their lifetime and with the following provision: "at their death I give their interest in said property to such of their children as may survive them, and to the representatives of any that may be dead, both grandchildren of my said sons to take in place of their deceased parents or grandparents only." At the time of the death of the deceased, Alexander Dougherty Jr. was living and had five children, and Dabney H. Dougherty was living and had one child, Gaines Dougherty. Subsequently to the probate of the will Alexander Dougherty Jr. died,

leaving five children.  By purchase from the children of Alexander Dougherty Jr., who have attained their majority, and from the guardian of his children who are minors, plaintiff has acquired a fee-simple estate in an undivided half interest in both tracts of land, being the interest that Alexander Dougherty Jr. had for and during his life and the remainder interest which vested in his five children upon his death, and petitioner is the absolute owner in fee simple of the undivided half interest in the property.  In 1917, after the death of Alexander Dougherty and the probate of his will, Dabney H. Dougherty, who was then and is now living, sold a life interest in the undivided half interest in both tracts of land to Charles Davis.  Afterwards C. E. Davis conveyed said life interest to J. W. Marshall, and Marshall conveyed the same to L. K. Davis; and on February 11, 1914, Mrs. Davis conveyed to plaintiff the life-interest of Dabney H. Dougherty in the undivided half interest in both tracts of real estate.  Under the conditions above set out plaintiff owned in fee simple the undivided half interest in said property as conveyed by the will to Alexander Dougherty Jr., and also owned the life-estate of Dabney H. Dougherty in the remaining land.  Dabney H. Dougherty is still living, and plaintiff is advised and believes that he is unmarried, having been divorced from his wife, and plaintiff alleges on information and belief that she has remarried and is now living in the State of Texas.  Dabney H. Dougherty has one child, a girl, named Gaines Dougherty, who is now about seventeen years of age, and plaintiff is informed that the child is living in the State of Texas.  Should Dabney H. Dougherty die, the remainder interest aforesaid would vest immediately in the child, Gaines Dougherty, but plaintiff can not know how long Dabney H. Dougherty will live, whether or not he will marry again, whether or not he will have other children; nor can he form any opinion as to the probable life of Gaines Dougherty and as to whether or not she will have any children.  For said reasons his remainder interest in the land is contingent as to the person or persons in whom the same will eventually vest.  By the terms of the will, should Gaines Dougherty die without leaving issue, said remainder interest would return to the estate of the testator, Alexander Dougherty Sr., for distribution among his heirs who might then be entitled thereto.

C. W. Morris is the duly qualified administrator with the will

annexed of Alexander Dougherty, deceased. The buildings on the property are old and in need of repair and are hardly worth repairing, the taxes and assessments are heavy against the property, insurance rates are very high because of the conditions aforesaid; and by reason of the remainder interest and contingency thereof it is impossible for the owners to partition the same among themselves. It is impossible to sell the property or to borrow money thereon for the purpose of improving or repairing the same, and such condition will go from bad to worse until neither the life-estate nor the remainder interest will be worth anything. Dabney H. Dougherty is about forty-two years of age, and the remainder interest in the land would not vest until the expiration of his life; and should Gaines Dougherty die without issue before the death of her father, whatever remainder interest might exist would revert to the estate of Alexander Dougherty, deceased. The ordinary legal proceedings for partition are inadequate in this case, because of the remainder interests. During the years 1909-10-11, the City of Rome, acting under legislative authority, paved Broad street (on which this property is located), and put down concrete sidewalks in front of the property, which constituted permanent improvements; and by virtue of its authority the city assessed against the property for street paving and sidewalks one third of the cost of paving the street. The total cost of the sidewalks in front of the property and the amount of the assessment for street paving is $279.33, and the cost of the sidewalk construction is $33.33, which assessment was a lien on said property and for which the City of Rome issued executions against the property; and in order to protect the same plaintiff paid off said executions prior to the bringing of this suit, and had the same transferred to him, and he now holds the same. Both the life-estate and the remainder interests in this property were subject to levy and sale. By reason of paying off the executions and the lien, plaintiff is entitled to equitable contribution and subrogation as against the remainder interests as a first lien thereon in proportion as the value of the life-estate bears to the value of the remainder interest. Recently, and prior to the bringing of this suit, the front wall of the building cracked so as to become dangerous, and the City of Rome condemned the wall and compelled plaintiff to tear the same down and replace a substantial wall and flue to the building for which plaintiff was

compelled to pay the sum of $150, the same being a permanent improvement on the property and not temporary in its character, for which the remainder interest is liable in the proportion of the value of the life-estate to the value of the remainder interest, and for which plaintiff prays judgment against the remainder interest. Plaintiff further prays, that he have such equitable contribution and subrogation out of the remainder interest for the above-stated sums; that Dabney H. Dougherty, C. W. Morris, administrator with the will annexed of Alexander Dougherty, deceased, and Gaines Dougherty be made parties defendant hereto and served; that a guardian ad litem be appointed for Gaines Dougherty and be served; that the court decree a partition of said property upon principles of justice and equity; that the property be sold, and the purchaser thereof acquire the entire title in fee simple to the undivided half interest free from any remainder interest; that the court ascertain and fix the amount and value of the life-estate of Dabney H. Dougherty, and upon such sale of the property the proceeds be paid to plaintiff; that the court by decree ascertain and fix the amount and value of the remainder interest which is created by the will upon the expiration of the life-estate of Dabney H. Dougherty, and that the same be computed to a cash basis; that the court by decree order the remainder interest sold and through proper parties take charge of the remainder interest and reinvest the same for the benefit of remaindermen upon the conditions provided in the will; that the court appoint proper persons as commissioners for the purpose of carrying out such decree and making such sales of the property and to execute title deeds to the purchaser thereof as provided by law; that plaintiff have all other and further relief consistent with the facts alleged; and that process issue, etc.

Gaines Dougherty Hamilton, one of the defendants named, filed her plea in abatement and alleged: (1) That Mrs. Leila Donaldson, a daughter of Alexander Dougherty Sr., now living in and a resident of the City of Rome, is not made a party to the suit, and she is a proper and necessary party. (2) That Abe Dougherty, or A. Dougherty, a son of Alexander Dougherty Jr., now living in and a resident of the City of Atlanta, County of Fulton, Georgia, is not made a party, and he is a proper and necessary party. (3) That Mrs. J. M. Looney, Francis Dougherty Emory, Alexander

Dougherty, and Douglas Dougherty, residents of the State of Geor-gia, have not been served and made parties, and they are necessary and proper parties. (4) The persons just mentioned as necessary parties are all heirs at law of Alexander Dougherty Sr., and as such heirs they may inherit the property involved in this suit; and not having been made parties, any judgment or decree rendered herein would not be binding on them, and they could hereafter assert their rights in the property in the event the contingency should arise affording them this opportunity, as alleged by plaintiff. Defendant prayed that the petition be dismissed.

Plaintiff, on August 9, 1924, amended his petition and alleged that should Dabney H. Dougherty survive his daughter, Gaines Dougherty Hamilton, or children be born to her, the property sought to be partitioned would revert to the estate of Alexander Dougherty Sr., under paragraph 9 of his will, and the following heirs at law would share in the distribution: Dabney H. Dougherty, Mrs. Viola Hill, Mrs. M. E. Howland, Mrs. Leila Donaldson, Mrs. J. M. Looney, Alexander Dougherty the third, Francis Dougherty, Alexander Dougherty, and Douglas Dougherty. The following are asked to be made parties defendant, and all parties who have any possible remainder or contingent interest are hereby named as defendants, viz.: Mrs. Viola Hill, residing at Middleport, Ohio, Mrs. M. E. Howland and Dabney H. Dougherty, residing at Chattanooga, Tennessee, Alexander Dougherty the third, a non-resident of the State of Georgia, Mrs. Leila Donaldson, residing in Rome, Georgia, Mrs. J. M. Looney (formerly Mrs. Alexander Dougherty Jr.), Francis Dougherty, Alexander Dougherty, and Douglas Dougherty, the last four residing in Fulton County, Georgia. All parties named as defendants are over twenty-one years of age and sui juris. Since the filing of this petition Gaines Dougherty, the daughter of Dabney H. Dougherty, has reached the age of twenty-one years and has married one Hamilton, and resides at No. 1702 McKinney Ave., Dallas, Texas; and plaintiff prays that Tom Clemmon, heretofore appointed guardian ad litem, be discharged and stricken from the petition as a party, and that Gaines Dougherty Hamilton be made a party and served by publication as provided by law in case of non-resident defendants. Mrs. J. M. Looney, Francis Dougherty, Alexander Dougherty, and Douglas Dougherty lead a wandering life, never remaining in one

place very long; and while they claim Fulton County as their residence, they have been fleeing from Fulton County and making excursions to various points; and plaintiff asks that they be included in the order for service by publication, so that, if diligent efforts fail to find them in the State of Georgia, service by publication shall be deemed sufficient. The storehouse and lot can not be divided without destroying its value, and will have to be sold and the funds divided among those that may be entitled to receive them. The parties named herein as additional defendants are all the known heirs at law of Alexander Dougherty Sr., deceased, and all who could possibly inherit under the laws of Georgia. The plaintiff prays that the court order that the non-resident parties be served by publication, and that the others named as residents of the State be personally served; that when all parties have been made the case proceed to trial; and that the court grant such other and further relief as may seem needful to preserve the rights of the parties. The court passed an order, on August 9, 1924, requiring that certain non-resident defendants of the State of Georgia be served by publication, and that, owing to the uncertain residence of certain other defendants, they be included in the publication and notice of service, "but that diligent efforts be made to serve them personally if residents of the State of Georgia."

On January 3, 1925, plaintiff filed a second amendment, alleging that Mrs. Lena Donaldson and Alexander Dougherty have duly acknowledged service and consented for the petition to be tried, as will appear from such acknowledgment entered upon the amendment in this case; that Mrs. J. M. Looney and Francis Dougherty were at the time of filing the amendment, and are now, residents of Memphis, Tennessee; that Douglas Dougherty is a resident of the State of Alabama; that Charlie Dougherty, one of the children of Alexander Dougherty Jr. and Mrs. J. M. Looney, died intestate about four years prior to the filing of this amendment, having never married, and any interest that he may have had passed to his mother, brothers, and sisters; and that Alexander Dougherty the third is a resident of the State of Louisiana. On January 3, 1925, the court passed an order declaring that service had been perfected by publication on Gaines Dougherty Hamilton, Mrs. M. E. Howland, Dabney Dougherty, Alexander Dougherty the third, Mrs. Viola Hill, Mrs. J. M. Looney, Francis Dougherty, Alexander

Dougherty, and Douglas Dougherty, and that publication was made as provided by law, twice a month for two months next preceding the October term, 1924, of the court.

On January 12, 1925, the plaintiff filed a third amendment, mainly reiterating and elaborating some of the allegations of the petition and previous amendments, and praying that certain items therein set out be established as a first lien upon the fee in that portion of the property conveyed to Dabney H. Dougherty for life, with remainder to his children; that upon a sale of the property the court decree said sums to be paid to plaintiff out of the proceeds of such part of the property as is herein referred to; and that, after paying the expenses of this proceeding chargeable against said half of the property, the remainder of the fund be held intact, invested, and the interest thereof be paid to plaintiff during the pendency of the life-estate of Dabney H. Dougherty, and that upon the termination of said life-estate the same be paid to the parties then entitled to receive it.

On January 14, 1925, Gaines Dougherty Hamilton filed her motion to vacate and set aside the order passed January 3, 1925, wherein the court declared that service by publication had been perfected upon the parties named, and prayed that such order be passed as may be proper to assure and perfect the proper service on said parties. This motion was overruled, and the movant excepted. The same defendant filed an answer in which some of the allegations of the petition are admitted, and others are denied. It is admitted that the petition sets out in substance the 9th paragraph of the will of testator, and that the remainder interest under the will is vested in her, subject to be divested in the event she or her child or children do not survive her father, Dabney H. Dougherty. The 13th paragraph of the petition is denied, except that defendant alleges that the remainder is not contingent, but vested in her, subject to be divested as herein before stated. It is admitted that if this defendant should die without issue before the death of Dabney Dougherty, said remainder would revert to the estate of Alexander Dougherty Sr. It is averred that plaintiff is not entitled to partition of the property either at law or in equity; that if plaintiff has any lien against said remainder interest, he can levy upon and sell the same for the purpose of satisfying the lien, and she denies that said remainder is liable in any propor-

tionate part for sums so expended as alleged by plaintiff. The first paragraph of the amendment filed by the plaintiff is admitted, except that plaintiff has omitted the name of Abe or A. Dougherty (a son of Alexander Dougherty Jr.), who stands in the same position with reference to inheritance from Alexander Dougherty Sr. as his brothers and sisters. It is averred that it is not necessary or proper under the law to sell said property and divide the fund arising therefrom as alleged by plaintiff.

The case proceeded to trial, and, there being no evidence for the defendants, the court directed a verdict for the plaintiff, and a decree was entered in accordance therewith. To this direction Gaines Dougherty Hamilton excepted.

*Willingham, Wright & Covington,* for plaintiff in error.
*M. B. Eubanks,* contra.