ORR *v.* ORR *et al.*

No. 14887.   JULY 7, 1944.

*Brandon, Matthews, Long & Nall,* for plaintiff in error.

*Spalding, Sibley & Troutman, Furman Smith,* and *Samuel N. Evins,* contra.

WYATT, Justice. "A trustee, unless expressly authorized by the instrument creating the trust, shall have no authority to sell or convey the corpus of the trust estate, but such sales shall be by

virtue of an order of the superior court upon a regular application to the same." Code, § 108-408.

In *Richards* v. *East Tenn., Va. & Ga. Ry. Co.,* 106 *Ga.* 614 (1, 2) (33 S. E. 193, 45 L. R. A. 712), this court said: "The jurisdiction of equity over the estates of wards of chancery is broad, comprehensive, and plenary. When one holds title to realty in trust for the benefit of a mother and her minor children during the life of the mother, but is not clothed with the title to the legal fee in remainder which vests in the children, he may apply to a court of equity for a sale of the entire property, including the legal as well as the equitable estate, the purpose of the application being for the benefit of the children as well as the mother. The moment such an ex parte petition comes before the chancellor and discloses the fact that the legal as well as equitable estate of infants is involved, they become his wards, and the case is one concerning 'an estate of the wards of chancery;' and accordingly the chancellor has jurisdiction to grant in term an order to sell the entire property, the minors being properly made parties and represented before him." See also, Reed *v.* Alabama &c. Iron Works, 107 Fed. 586; *Ethridge* v. *Pitts,* 152 *Ga.* 1 (108 S. E. 543); *Penton* v. *Myers Park Place Corp.,* 152 *Ga.* 71 (108 S. E. 462). The above language was quoted with approval in *Hopkins* v. *Martin,* 153. *Ga.* 238 (112 S. E. 117).

Again, this court, in *Cooney* v. *Walton,* 151 *Ga.* 195 (106 S. E. 167), said: "A testator devised certain realty to his wife, 'to have and to hold, for and during the term of her natural life, and, at her death, to vest in and belong in fee simple to my issue then living, said issue taking per stirpes and not per capita; but if there be no such issue living at the death of my said wife, I devise the real estate above mentioned, together with all the remainder of my property,' to named persons. Included in the realty was a city lot on which there were buildings that were in need of repair and could not be rented advantageously. While the life tenant was yet in life and while the only issue of the testator was an adult son who was childless, the widow instituted an equitable suit against the son and the other contingent remaindermen specified in the will. The object of the suit was to have a decree for sale of the property, including every possible interest of contingent remaindermen in esse or any possible future issue of the testator's son, for

reinvestment under the same limitations as provided in the will. *Held,* that the court had jurisdiction of the parties and subject-matter, and the decree was binding upon all parties to the suit and upon any unborn issue of the son of the testator who might be in life at the death of the life-tenant."

Discussing the broad jurisdiction of equity of the estates of wards of chancery, this court in *Sangster* v. *Toledo Manufacturing Co.,* 193 *Ga.* 685, 691 (19 S. E. 2d, 723), said: "That the jurisdiction of equity of the estates of wards of chancery is broad, comprehensive, and plenary, can not now be questioned, was the pronouncement of this court in the *Richards* case, supra, and authorities were there cited to support the statement. When this jurisdiction attaches, the court's action is not limited by any narrow bounds, but it is empowered to stretch forth its arm in whatever direction its aid and protection may be needed. 19 Am. Jur. § 151, and cit. It may order a sale or partition when such would be for the best interest of the ward, or confirm a sale or a partition which is beneficial to such interest, although the same might be subject to such infirmities as ordinarily would avoid it. It can in a variety of circumstances make an election on his behalf, after having ascertained, through an inquiry, what action is best for his advantage."

The plaintiff in error recognizes the rulings above cited, but in his brief says: "However, the facts in these cases are not identical with the facts in the case in question, for this court has before it a different situation in that Miss Orr holds the life-estate in trust for herself and the estate of her brother, and The First National Bank of Atlanta holds the remainder estate for the children of Joseph K. Orr Jr." It appears that there is no sound reason in logic or law why the principles of law as laid down in the cases above cited should not be applied to the facts alleged in the present petition. The instant case was a term-time proceeding. Every person who had any possible interest in the property was made a party, and guardians ad litem were appointed for the minor children. The interests of minors, who are wards of courts of equity, were involved. Therefore, the superior court, a court of equity jurisdiction, under the facts alleged in the petition, had jurisdiction to enter an order or decree for the sale of the property, includ-

ing the fee-simple title thereto, for the purpose of reinvestment, as prayed, and it was not error to overrule the general demurrer.

*Judgment affirmed. All the Justices concur.*