### 22425. KENNEDY v. DURHAM et al.

Argued March 10, 1964—Decided April 9, 1964—Rehearing denied April 22, 1964.

*Ben J. Camp*, for plaintiff in error.

*Smith, Ringel, Martin, Ansley & Carr, Hoke Smith, A. Tate Conyers*, contra.

Grice, Justice. We review here the sustaining of a demurrer to a life tenant's petition in equity seeking authorization to sell the life estate and remainder interests in real property.

The petition, by Mrs. Eula Pauline Kennedy and filed in the Superior Court of Fulton County, named as defendants Mrs. Rosalinde Kennedy Covery and two others, recited to be non-residents, sui juris and all of the petitioner's children now in life. It also designated as defendants Howard Earl Green and Mrs. Lorena Green Durham, residents, and five others, including William Ellis Green, nonresidents, these defendants recited to be all of petitioner's brothers and sister now in life and all of the children of said brothers and sister.

The petition alleged, insofar as material here, the following facts.

The will of petitioner's father, James J. Green, devised to her a described tract of land in Fulton County, "for and during her natural life only, with remainder after her death to any children whom she may leave surviving her. If she leave no children surviving her, said property is to go to her brothers and sisters

surviving her for their respective lives and after them to their respective descendants per stirpes."

Because of the above testamentary provisions as to remaindermen, a guardian ad litem should be appointed to represent any children who might be hereafter born to petitioner or to her said brothers and sister.

Petitioner has entered into a sales contract, for herself and the above named remaindermen, subject to the approval of this court, whereby she has agreed to sell said property to a named party for $23,250, on stated terms of payment.

The property is "vacant land incapable of being farmed and produces no income whatever; and in addition, there is the expense of taxes each year on said land, and . . . the price offered . . . is a fair price and represents the full value of said land, and that said sale is fair and just and that it is to the best interests of petitioner and the above named remaindermen that said land be sold and the proceeds reinvested as hereinafter set out."

The net proceeds from the sale will be approximately $20,000, which may be reinvested at 6% per annum.

Petitioner is 64 years of age and has a life expectancy of 12.3 years. The present cash value of petitioner's life estate in said property is $9,002.40; and she desires, in the event the sale is approved, that this amount be awarded to her as her full and complete interest in said property and that the balance of the proceeds of the sale be invested in U. S. Government Bonds or insured savings and loan association accounts. Petitioner's husband, having advanced $566.40 for taxes and $1,288.31 for water main assessments against said property, should be reimbursed from the proceeds of the sale.

Petitioner's prayers, in addition to sanction for filing her petition, service on resident defendants, service by publication on the nonresidents, and rule nisi, were: (1) that a guardian ad litem be appointed to represent any children who might be born to her or her brothers and sister and that such guardian investigate, file his answer and report; (2) that the property be ordered sold as set forth in the petition; (3) that from the proceeds of the sale, less taxes and costs, the present cash value of her life estate be awarded to her; (4) that her husband be re-

imbursed for his advancements; (5) that the court decree that the sale will divest title of all parties to this suit, both plaintiff and defendants, life tenant and remaindermen, vested and contingent, and that the rights of all persons in said property be transferred to the proceeds of the sale, which shall in all respects be administered and disposed of as provided by the said will; (6) that petitioner be authorized to consummate the sale and to make a deed conveying the land to the purchaser and to receive the proceeds thereof; (7) that petitioner receive the present cash value of her life estate in said property and that she reinvest the balance as herein set out, and that at her death the balance as reinvested go to the remaindermen as provided in said will; and (8) for general relief.

To the petition the defendant Mrs. Lorena Green Durham filed demurrers. Only two are material to this inquiry. Paragraph 1 was that the petition failed to set out any cause of action upon which relief may be granted to plaintiff. Paragraph 2 was that "the Superior Court of Fulton County is without authority to grant the relief therein prayed for."

The trial court entered an order reciting that Paragraph 2 of the demurrer was sustained and the petition dismissed.

That order is assigned as error here.

■ A preliminary question is involved as to the scope and effect of the trial court's order sustaining the specified ground of demurrer. In ruling that "the Superior Court of Fulton County is without authority to grant the relief prayed for," and thereby dismissing the petition, did the court pass upon the merits of the petition and thus hold that it failed to allege a cause of action, or did it merely decide that it lacked jurisdiction to entertain the petition?

In our determination of this question it should be pointed out that although paragraph 1 of demurrer asserted that no cause of action was alleged, the trial court in making its ruling passed over that ground without mentioning it, and based its ruling upon the ground in paragraph 2, lack of authority of the court to grant the relief prayed for. This is significant in arriving at the intent of the order. Had it intended to rule that no cause of action was alleged and thus pass upon the merits of the petition,

it had the opportunity to do so by sustaining that ground, as specifically urged in paragraph 1.

Further manifestation of intent to rule only as to lack of jurisdiction is the language of paragraph 2 of demurrer, which the trial court employed as the sole basis for its ruling. That language asserts that the court was "without *authority* to grant the relief prayed for." (Emphasis ours.) The word "authority" is defined as "Permission. [Citation.] Control over, jurisdiction. [Citation.] Often synonymous with power. [Citation.]" Black, Law Dictionary (4th Ed.), p. 168. "Authorized means empowered." 4 Words and Phrases, (Perm. Ed.), p. 830. "In its broad general sense the word [authority] has been defined as meaning control over . . ." 7 CJS 1290, Authority. "Jurisdiction" is "the authority over the matter to be determined, the power to decide a case either way as the merits may require, the legal power to interpret and administer the law in the premises." 14 Am. Jur. 363, Courts, § 160.

We, therefore, conclude that the ground of demurrer ruled upon by the trial court raised only the issue of jurisdiction.

It follows, then, that our function upon this review is limited to that issue, and we do not reach the merits of the petition. This is in keeping with the rule laid down in such cases as *Blount v. Metropolitan Life Ins. Co.,* 190 Ga. 301, 304 (9 SE2d 65), wherein this court held: "Even if the absence of jurisdiction, appearing on the face of a petition, 'may be raised by general demurrer complaining that the petition fails to allege a cause of action for the relief sought' [citations], *no converse of such a rule obtains,* that a demurrer, limited to an attack on the jurisdiction, will include the general ground that the petition states no cause of action or shows no ground for equitable relief. Accordingly, the judge having dismissed the petition on the sole ground of demurrer that the nonresident defendant was not properly before the court under the service made by publication, and not having passed on the merits of the petition, it would not be proper for this court to do so, and no adjudication is made with reference thereto." (Emphasis ours.)

■ In determining whether the trial court had jurisdiction of this petition we are guided by the following principle: "The test of jurisdiction to entertain a bill for injunction is not whether

good cause for granting the injunction is set forth in the bill, but whether the court or its organ, the judge, could grant it for any cause. If the tribunal applied to can grant the injunction for any cause, then any question about cause is not a question of jurisdiction, but of the proper exercise of jurisdiction." *Wilson v. Sullivan*, 81 Ga. 238, 245 (7 SE 274).

This court has time after time held that a superior court has jurisdiction of an equitable petition seeking a decree ordering a sale of the interest of contingent remaindermen, both those in life and any possible unborn, so as to convey the fee simple title before termination of the life estate. Reference to some of them follows.

In *Cooney v. Walton*, 151 Ga. 195 (106 SE 167), certain real property had been devised to the testator's wife for life and at her death to "my issue then living . . . but if there be no such issue living at the death of my said wife, I devise . . . " the property to four named persons. Several years later, the wife entered a contract to sell the property and instituted a suit in the superior court against the testator's son (and only issue) and the named contingent remaindermen still living, seeking authority to sell the property. Such authority was granted, and a deed was executed by the life tenant and the remaindermen, as provided in the decree, and tendered to the proposed purchaser. He declined to accept the deed and pay the price, solely on the ground that the decree was invalid because the court was without jurisdiction to order a conveyance of the realty in fee simple. The life tenant and remaindermen brought suit against him for specific performance of the contract. In affirming the overruling of his general demurrer to such petition, this court said: "The sole question is as to the jurisdiction of the court of equity to order a sale of the fee, before termination of the life-estate, that would be binding upon the contingent remaindermen, including persons now in life and possible unborn children of one of those now in life. No trust is involved, and the title under consideration that is sought to be divested is the plain legal title of contingent remaindermen." It held that (p. 208) "the court had jurisdiction of the subject matter and all persons in esse to be affected by the decree were before the court. One of them was . . . the only child of the testator. The only possible issue of

the testator, within the meaning of the will, not in esse, would be issue of . . . [such child]. They would be in the same class with him, and would be bound by the decree, as it was binding upon him. Under the circumstances the court had jurisdiction to render the decree."

In *Ethridge v. Pitts*, 152 Ga. 1 (108 SE 543), the testator devised certain land to his daughter during her life, and at her death, "to go to and be vested in her child, children, or representatives of children, if any, surviving her." The daughter's husband later died and a guardian of the persons and property of her three minor children was appointed. In 1869 the life tenant and the children's guardian instituted in the superior court proceedings to obtain leave to sell the entire fee in a portion of the land devised to them. Authority to sell was granted and the life tenant and guardian executed a deed to the land to the purchaser, who went into possession. About 45 years later one of the remaindermen and the children of another brought an ejectment suit against the purchaser's widow for the recovery of the land. The trial court held for the plaintiffs on the basis that the 1869 order for the sale of the land was void because only the ordinaries had the legal authority to sell the interests of minors in property. This court reversed, stating that "the jurisdiction of a court of equity—the superior court—to order the sale of a minor's property was not entirely taken away by the section of the Code authorizing ordinaries to exercise such power . . . There are several decisions of this court to the effect that by a decretal order of the superior court, granted during a session thereof, upon a petition to which the minors are parties, plaintiffs or defendants, a guardian may be authorized to sell the lands of his minor ward, whether held by legal or by equitable title." This court also pointed out the reasons why only a court of equity could order such a sale: (1) only equity could order sale of the entire interest for a prearranged price; (2) jurisdiction to order the sale was improper for the ordinary and proper for equity because the minors did not have a clear and fixed title, but one affected by chances of survivorship; and (3) there was a contingent remainder to unborn children of which only equity had jurisdiction.

In *Orr v. Orr*, 197 Ga. 866 (30 SE2d 900), the devise of real

property was to the testator's named son and daughter for life, with remainder over to a bank as trustee for the children, or descendants of deceased children, of the son. After the son's death, the daughter brought suit, against the children and descendants of deceased children of the son, seeking authorization to sell the property. The general demurrer of one of the remaindermen was overruled. This court affirmed. After referring to several previous decisions, including *Cooney v. Walton,* 151 Ga. 195, supra, and *Ethridge v. Pitts,* 152 Ga. 1, supra, it said: "There is no sound reason in logic or law why the principles of law as laid down in the cases above cited should not be applied to the facts alleged in the present petition . . . Every person who had any possible interest in the property was made a party, and guardians ad litem were appointed for the minor children. The interests of minors, who are wards of courts of equity were involved. Therefore, the superior court, a court of equity jurisdiction, under the facts alleged in the petition, had jurisdiction to enter an order or decree for the sale of the property including the fee simple title thereto . . ."

For other cases, see *Penton v. Myers Park Place Corp.,* 152 Ga. 71 (108 SE 462); *Rosenberg v. Phelps,* 159 Ga. 607 (126 SE 788); *Hamilton v. Kinnebrew,* 161 Ga. 495 (131 SE 470). Also, see 33 Am. Jur. 743, Life Estates, Remainders, etc., § 265; 31 CJS 108, Estates, §§ 52, 53.

Thus, we hold that the Superior Court of Fulton County did have jurisdiction of the instant case.

In view of the foregoing, the trial court erred in sustaining the jurisdictional ground of demurrer to the petition, and its judgment is therefore

*Reversed. All the Justices concur.*