22662. KENNEDY v. DURHAM et al.

ARGUED SEPTEMBER 16, 1964—DECIDED OCTOBER 8, 1964.

*Ben J. Camp,* for plaintiff in error.

*Hoke Smith,* contra.

HEAD, Presiding Justice. Mrs. Eula Pauline Kennedy, as life tenant of described property, brought an equitable petition against Mrs. Lorena Green Durham and other contingent remaindermen, seeking an order allowing a sale of the property and the reinvestment of the proceeds of the sale. The will of the petitioner's father, under which she held the property, provided that after her death the property should go to her children, and if none of her children survived her, the property should go to her brothers and sisters surviving her for their respective lives with remainder to their descendants. The trial judge sustained a ground of the demurrer filed by Mrs. Lorena Green Durham, a sister of the petitioner, which contended that "the Superior Court of Fulton County is without authority to grant the relief therein prayed for." This court on review of this ruling held that the ground of demurrer sustained by the trial judge raised only the issue of jurisdiction; and that no ruling was made by the trial judge as to whether or not the petition stated a cause of action. Reference may be made to the former decision of this court for the allegations and prayers of the petition on its initial filing. *Kennedy v. Durham,* 219 Ga. 859 (136 SE2d 343).

After the decision of this court was rendered, the petitioner amended her petition. She struck out the allegations in regard to the present cash value of her life estate, and the assertion that

her husband should be reimbursed for the payment of taxes assessed against the property. She struck from the prayers of the petition the prayer that the present cash value of her life estate be awarded to her, and the prayer that the sum of $1,854.71 be paid to her husband. She alleged that the proceeds of the sale should be reinvested in United States government bonds, or in savings and loan associations whose accounts are insured by the Federal Saving & Loan Insurance Corporation, or in savings banks in which accounts are insured by the Federal Deposit Insurance Corporation.

The allegations forming the basis of the action in the petition as amended are as follows: "That said land is vacant land incapable of being farmed and produces no income whatever; and, in addition, there is the expense of taxes each year on said land, and petitioner is informed and believes and alleges on information and belief that the price offered for said land is a fair price and represents the full value of said land, and that said sale is fair and just and that it is to the best interests of petitioner and the above named remaindermen that said land be sold and the proceeds reinvested as hereinafter set out. Petitioner shows that said property is peculiarly adapted to development for residential purposes but that because of the present status of said property, it is impossible for petitioner or anyone to finance the development of said property as herein set forth. That because of the present natural growth of Fulton County, the said property is now at its maximum value and that in all probability future development in the area of said property will result in a depreciation in the value because of the natural development outwardly from the City of Atlanta."

Mrs. Durham renewed her ground of demurrer which asserted that the petition fails to set out any cause of action upon which relief may be granted to the petitioner. The trial judge sustained this ground of demurrer, and the exception in the present case is to that judgment.

The decision of this court on the former appearance of the case (*Kennedy v. Durham*, 219 Ga. 859, supra) cited a number of cases by this court holding that a court of equity has the power in a proper case to order the sale of property held by a

life tenant and divest the title of remaindermen, even though some of the remaindermen are minors or persons unborn, where the parties representing such minors or persons unborn are made parties to the case. *Cooney v. Walton,* 151 Ga. 195 (106 SE 167) ; *Ethridge v. Pitts,* 152 Ga. 1 (108 SE 543) ; *Penton v. Myers Park Place Corp.,* 152 Ga. 71 (108 SE 462) ; *Rosenberg v. Phelps,* 159 Ga. 607 (126 SE 788) ; *Hamilton v. Kennebrew,* 161 Ga. 495 (131 SE 470) ; *Orr v. Orr,* 197 Ga. 866 (30 SE2d 900).

The petition asserts that the parties named as defendants are all of the children and brothers and sisters of the petitioner now in life. The question remaining for decision is whether or not the facts alleged in the petition, as amended, are sufficient to show that a court of equity should allow a sale of the property and the reinvestment of the proceeds for the benefit of the life tenant and the remaindermen.

In *Hamilton v. Kinnebrew,* 161 Ga. 495, supra, the property which the petitioner sought to sell consisted of two storehouses and lots in the City of Rome. It was alleged that: "The buildings on the property are old and in need of repair and are hardly worth repairing, the taxes and assessments are heavy against the property, insurance rates are very high because of the conditions aforesaid; and by reason of the remainder interest and contingency thereof it is impossible for the owners to partition the same among themselves. It is impossible to sell the property or to borrow money thereon for the purpose of improving or repairing the same, and such condition will go from bad to worse until neither the life-estate nor the remainder interest will be worth anything." It was held that the petition was not subject to the ground of demurrer asserting that it did not set out sufficient facts to consitute a cause of action.

In *Cooney v. Walton,* 151 Ga. 195, supra, this court held that in a former equitable action seeking a decree for the sale of property for reinvestment the court had jurisdiction of the parties and the subject matter and that the decree was binding upon all parties including "any unborn issue of the son of the testator who might be in life at the death of the life tenant." In the *Cooney* case this court quoted extensively from Coquillard v. Coquillard, 62 Ind. App. 426 (113 NE 474). The facts in the Indiana case

are substantially in point with the essential allegations of the present case. The Indiana court held that the lands could be sold and the interest of all persons, including contingent owners not in being, safeguarded by the proper administration of the fund derived.

In the present case the property which is the subject matter of the action is located in Fulton County. The testator died on December 28, 1930. The population of Fulton County at the time of the 1930 census was 318,587. The population of the county in 1960 was 556,326. The petition alleges that the property is vacant land, producing no income whatsoever, that it is peculiarly adapted to development for residential purposes, that the property is now at its maximum value, and that in all probability future development in the area of the property will result in a depreciation in value. It is reasonable to assume that no person would be interested in developing the property for residential purposes in the present status of the title.

The petition set out sufficient facts to authorize a court of equity to determine whether it would be to the best interest of the life tenant and the contingent remaindermen to order a sale of the property and reinvestment of the proceeds of the sale, and the trial judge erred in sustaining the ground of demurrer asserting that the petition failed to state a cause of action.

*Judgment reversed. All the Justices concur.*