## 28424. PAZOL v. RAINWATER et al.

MOBLEY, Chief Justice. Mrs. Harriet Pazol appeals from an order denying her application to intervene in the equitable action of Lucille L. Nix, individually and as guardian of Glen Rainwater, against William Heard Rainwater and others. The trial judge signed a certificate for immediate review.

The equitable action of Mrs. Nix sought leave to sell described property which was devised by the will of V. C. Rainwater to his son, Glen Rainwater, for life, with remainder to his ten other named children. The will provided that if any of his named children should be deceased at the death of Glen Rainwater, then the children of such deceased child shall receive the share of the deceased child. It was alleged by Mrs. Nix that the property is vacant land which does not produce any income, is subject to high ad valorem taxes, and is not convertible to income producing property unless it is sold.

The appellant filed an application for leave to intervene. Her pleading setting forth her claim alleged that on August 1, 1967, she entered into a contract with W. H. Rainwater and V. L. Rainwater, executors of the will of V. C. Rainwater, Mrs. Lucille L. Nix, and other legatees of the property under the will of V. C. Rainwater, to purchase the property which is the subject matter of the application for leave to sell the property. A copy of the contract is attached as an exhibit. She prayed that the court decree specific performance of the contract on the part of Mrs. Nix, individually and as guardian of Glen Rainwater, and on the part of those defendants in the application for leave to sell who are the heirs and legatees of V. C. Rainwater.

The appellant's contract under which she claims the right to

intervene was not executed by W. H. Rainwater and V. L. Rainwater as executors of the will of V. C. Rainwater, but in their individual capacity. The life tenant, an incompetent, was not a party to the contract. It was signed by some, but not all, of the remaindermen. The will of V. C. Rainwater created vested remainders, subject to be divested if any child predeceased the life tenant, leaving children, with substituted devisees. The life tenant did not have the power of sale under the will.

Where the life tenant does not have the power of sale, and there are remainders subject to be divested, with substituted devisees, a marketable title can not be offered to a buyer unless there has been a proceeding in a court of equity for leave to sell, and an order of the court granting such leave, based on evidence authorizing the sale, which order must preserve the right of remaindermen in the fund realized from the sale of the property. *Kennedy v. Durham,* 220 Ga. 310 (138 SE2d 567); *Nash v. Crowe,* 222 Ga. 173 (149 SE2d 88).

The contract of sale which the intervenor seeks to enforce is not a valid and enforceable contract, and the trial judge did not err in refusing to allow her intervention. It is unnecessary to consider other reasons why the court might correctly have refused to allow the intervention.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 15, 1973 — DECIDED JANUARY 7, 1974 — REHEARING DENIED JANUARY 28, 1974.

*Nall, Miller & Cadenhead, James W. Dorsey, David G. Crockett,* for appellant.

*Seay & Sims, Marshall R. Sims, George W. Bryan, Jr., Green, Force & Alderman, William O. Green, Jr., Paul C. Wilgus,* for appellees.